Birchard, • J.
The second' érror assighéd -is,- that the bond was void ; the -third,- that there was -po -breach of it-.The bond ■ was executed in-pursuance of. the 4 th section of the act passed January 19, 1843, (O: U. vol. 41, page. 3.0,) which, act expired’ by its terms of. limitation on the first, day. of March, ,1845, The first-three, sections of ’the-act provide for the' appraisemen't of personal property levied on execution,-and'.also, that .it shall *68 not be sold for less than two-thirds of its appraised value. fourt¡1 section provides “ that when the goods or chatties ” “ levied and appraised shall not be sold for two-thirds the ‘ appraised value, it shall be lawful for the officer holding such £ execution to return upon the same, £ not sold for want of ‘ biddersand such officer shall deliver such unsold goods ‘and chatties to the person against whom execution had £ issued,” &c., &c., “ upon his giving bond,” &c., “ condition- £ ed that the said debtor in execution will deliver at the time £ and place of the next sale, to the officer having in his hands £ an execution upon the same judgment, the goods and chat- £ tels to him restored, or other goods and chattels of equal £ value,” &c., “ which bond shall be made payable to the other £ party in the execution.”
The 11 th section of the act declares what shall constitute a breach of the bond, in these words: “ That if the debtor in £ execution shall not at the. time specified in the condition of £ the bond, deliver to the proper officer the goods and chattels £ to him restored as aforesaid, or other goods and chattels of £ equal value as aforesaid, the condition of said bond shall be £ considered broken, and the creditor may sue out a writ of £ scire facias,” &c.
The ground taken in support of the second and third assignments of error, is, that as the statute expired on the 1st March, 1845, and the execution upon which the property that had been levied upon, or other property of equivalent value, was demanded, issued on the 19th March, 1845, after the expiration of the statute; the bond itself was absolutely dead, and all rights under it were gone. In support of this it is urged, that to suppose differently, is to suppose that the creature is .greater than the creator — the bond may survive the statute which called it into existence. That it was the duty of the justice to issue another vendi. exponas immediately, and the duty of the defendant in error to see that he did his duty in this respect. We cannot sustain such views, believing, as we do, that they are unsound. When made, the contract was *69 good and valid in law ; it was a contract which the officer was authorized expressly to enter into on behalf of, and for the benefit of the defendant in error. Without the aid of the statute he could not have entered into it, but that gave him .power to receive the bond and return the goods to the judgment debtor; and he acted under its authority. The taking away of the authority cannot affect acts lawfully done under it, while it existed. The bond was valid once, and if once so, is so now. It is hot a penal bond, to be construed like a conveyance,' as will be seen hereafter. As to the duty of the magistrate to have forthwith issued an alias vendi. exponas on the return of the bond, little need be said. The 10th section of the act is imperative; it forbade the issue by the magistrate in any case, unless directed by the judgment creditor, his agent or attorney.
The next point to' be considered, is, whether there could be a lawful breach of such a bond after the expiration of the act.
All that the law requires to constitute a good breach of the bond, is, a refusal to deliver the property bonded, upon the day of sale, or its equivalent in other property, to the officer having an execution upon the same judgment.
According to the evidence, there was in this case literally just such a breach of this bond. It is the precise breach appearing from the proof set forth in the bill of exceptions. The only difficulty in the way, is a supposed want of authority in the constable having the execution, to sell, after the expiration of the act, any other property than that originally levied upon. It would seem hardly fair to allow such an objection to avail the plaintiff in error.
It was the business of the officer to see to his own authority, the business of the defendant in execution to comply with the terms of his bond ; and had he lived up to the letter of his obligation, and voluntarily placed the property originally levied, in the hands of the constable, there would be no que'stion of-his-right to sell, and as the other equivalent property would have been delivered for the purpose of sale on the execution, we think the officer, had it been turned out to him pursuant to the *70 terms of the bcincl, might'have sold'it and "applied-the proceeds *n' satisfaction '$6 sanie, with perfect safety. .•
The forirth .assignment is, that.the Court érred in admitting parol evidence of the acts of. the constable.. • •
It i's 'necessary -in disposing^-of this- point, to bear in mind the issue between-the parties, which was non est factrim, unaccompanied by-an' affidavit of the truth 0f the plea. The introduction of the instrument itself, .proved 'this, issue against thé plaintiff, and entitled' the.- defendants' in érror. tp judgmént'for the penalty of the bond. It is riot .the samé .issue as nil debit, and did not require any other proof of indebtedness before a recovery could bp had. ■ It is true that the plea of non est factum was accompanied by a notice that they would prove that Darling offered to .turn out other property at the appraisement of three householders, and that the constable neglected and refused’ .to call upon said householders to determine- the •value of the same. Under this notice the.plaintiffs in error had the affirmative, and if the Common Pleas erred in admitting the adverse party to introduce incompetent testimony to establish a fact admitted by plaintiff’s own pleadirig,-he .cannot be heard to alledge that the error is to his prejudice.. Tlie general rule .is, that what is not avoided or denied in a plea, is confessed, and, as before said,, the plea only denied the execution of the bond. '
■ But-was ■ the parol evidence incompetent? The vendi. exponas commanded the'sale of the certain specific property therein named. The officer returned that he could not sell that specific? property, because the debtor refused to deliver it to him. This was a full return, because the law had expired which required of him a demand and sale of- other property of equal value. The proving that other. acts were done, by no hieans contradicted, the return upon the execution made by the officer. The demand of other property in lieu of that specified in the Writ, was an extrinsic' fact, not proper to be returned under the circumstances, or at least not required to be indorsed upon the writ, and might therefore well be established by parol.
*71 The fifth assignment is for the admission of the magistrate’s transcript. The main objection urged in argument to this, is disposed of in disposing of the last point. We are not inform- / ed by the record what were the exceptions taken'to the admission of this evidence in the Common Pleas; and if the transcript was competent. for any purpose, it was rightly admitted. We cannot say it was used for any other object than the legitimate one. The presumption is, that it was so used. It was clearly proper evidence to enable the Court to determine ihe amount due in equity; and if used to establish anything for which it was incompetent, the record should have shown the fact.
There is still a general error. This presents the question whether the action of debt can be maintained, inasmuch as the remedy prescribed by stathte was scire facias. • Had the statute remained in force, the remedy which is provided might have been pursued, but that remedy was the creature of the act, and expired with it. If the common law action does not remain, we should find here the case of a wrong without a remedy; a thing, indeed, which-courts are not over anxious to discover — in this case that which which does not exist. The words of the statute, “ may sue out a writ,” &c., were not intended to be mandatory. They are not, as contended by counsel, of the same import as shall sue out a writ of scire facias, and shall, have no other redress. Where a statute gives a new remedy without impairing or denying one already known to the law, the rule is, to consider it as cumulative, allowing either the new or the old remedy to be pursued at the option of the party seeking redress.

Judgment. Affirmed.