White, J.
We find no error in this case.
We will briefly consider the several questions raised in argument.
1. It is alleged the court erred in hearing the demurrers to the answer before the cause was reached in its order on the trial docket.
The order in which the trial docket is to be made up by the clerk, before the term, is provided for in section 306 of the code; and section 308 provides for bringing on to the docket cases which become at issue or in default after the docket is first made up.
Section 307 prescribes the order in which cases on the trial docket shall be disposed of. After providing for certain specified classes of cases, it declares that, “ the time of hearing all other cases shall be in the order in which they are placed on the docket, unless the court in its discretion shall otherwise direct.”
Cases on demurrer come within this provision; and the time of hearing such cases is clearly within the discretion of the court.
2. The next alleged ground of error arises on the demurrer to the second and third defenses.
The objections to the action of the court In sustaining, the demurrers are, in substance :
*151 1. That' the bank, the plaintiff below, had not capacity to acquire title to the bill sued on.
2. That if it had such capacity, the usurious transaction by which it acquired the bill from the holders, Harbaugh, Matthias & Owens, disables it from collecting any interest from the antecedent parties.
As to the first of these objections, the answer in the first defense sets up that the bank purchased the bill of the holders, the payees. It does not state that the purchase was made at a usurious rate of discount; but it avers that under the act of Congress to provide a national currency, under which the bank was incorporated, it had no authority to purchase the bill.
It seems to be the idea of counsel making the objection, that negotiable paper, perfect and available in the hands of the holder, is not the subject of purchase by a national bank at any rate of discount. This view, we think, entirely erroneous. We see nothing in the act of Congress nor in reason why a borrower may not obtain the discount by a bank of the existing notes and bills of others of which he is the holder, as well as of his own paper, made directly to the bank.
It is true that, as between natural persons, the purchase of such paper, when made in good faith, and not as a disguise for a loan, is not subject to the usury laws; but it is otherwise as to a bank. In the business of banking, the purchasing and discounting of paper is only “a mode of loaning money.” Niagara County Bank v. Baker et al., 15 Ohio St. 69; Fleckner v. The Bank of the United States, 8 Wheat. 333.
As to the second objection—namely, that the usury exacted by the bank from Harbaugh, Matthias & Owens, in the acquisition of the paper, disables it from recovering any interest from the antecedent parties.
The general rule is, that where a bill or note is valid, as between the drawer or maker and the payee, so that the latter can maintain an action upon it against the former, it is valid in the hands of an ■ indorsee, who has discounted it *152 at a usurious rate of interest, and lie may recover the full amount of the bill or note against the maker or acceptor. Munn v. Commission Company, 15 Johns. 44.
The question is, whether this principle has been modified by the act of Congress now in question.
Section 8 of the act defines the powers of the national banks. It declares, among other things, that they shall be authorized “to carry on the business of banking, by discounting and negotiating promissory notes, drafts, bills of exchange, and other evidences of debt.”
Section 30 prescribes limitations upon these powers, and imposes penalties upon the banks for the transgression of such limitations.
The section declares “that every association may take, receive, reserve, and charge on any loan or discount made, ■or upon any note, bill of exchange, or other evidence of debt, interest at the rate allowed by the state or territory where the bank is located, and no more,” etc. It also declares that “the knowingly taking, receiving, or reserving, or charging a rate greater than aforesaid, shall be held and adjudged a forfeiture of the entire interest which the note, hill, ,or other evidence of debt carries with it, or which has been agreed to be paid thereon.” The section also contains a provision, that in case a greater rate of interest has been paid, the person or persons paying the same may recover back twice the amount of the interest thus paid.
Now, manifestly, this section has reference to the agreement or transaction between the bank and its customer. It is the party with whom the bank had the usurious transaction to whom the forfeiture of the entire interest is to be adjudged, and who, in case it has been paid, is authorized to recover back twice the amount. The rights and liabilities of antecedent parties can not be affected by the usurious character of a transaction in which they did not participate.
In the present case, if the indorsers to the bank—Harbaugh, Matthias & Owens—should take up the bill, under their indorsement, their right to recover the full amount *153 from the drawer and the acceptors would be unaffected by the fact as to whether they had or had not asserted against the bank their rights growing out of the usurious transactions.
The remaining objection is to the action of the court in rendering a separate judgment against the plaintiff in error, and continuing the case as to the other defendants.
The liability of the drawer of a bill of exchange is a several liability, and at common law was required to be enforced by a separate action. The code, by allowing all the parties to the bill to be joined in one action, does not re-quire a joint judgment against all. Section 371 expressly provides that, “ in an action against several defendants, the court may, in its discretion, render judgment against one •or more of them, leaving the action to proceed against the others, whenever a several judgment may be proper.” Where a separate action might have' been maintained against a party, a separate judgment under this provision of the code is certainly proper.
What effect the fact that the drawer is also one of the firm who accepted the bill, may have on the right of the plaintiff to take a future judgment against the acceptors, we are not called on now to consider.

Leave refused.

McIlvaine, C. J., Welch, Rex, and Gilmore, JJ., eon•curred.