Okey, J.
A large number of alleged errors are- relied on as grounds of reversal; but, as I will presently explain, many of them are not before us on the record. This opinion will be coniined to the consideration of the supposed errors which the record presents.
The indictment charges that Kerr, on January 21,1879, in the county of Miami, with intent to defraud William Overton, knowingly sold and conveyed to him, by deed of general warranty of that date, certain lands (described in the indictment) situated in Butler county, state of Missouri, he, said Kerr, not having title to said lands, in law or equity, by descent, devise, deed of conveyance or written contract.
The indictment was found under the act of 1877 (74 Ohio L. 289, § 9; Rev. Stats. § 7079), which provides: “Whoever knowingly sells or conveys'any land, or any interest therein, without having title to the same, either in law or equity, by descent, devise, written contract, or deed of conveyance, with intent to defraud, shall be imprisoned in the penitentiary not more than seven years nor less than one year.”
The same provision, in nearly the same words (2 Ohase, 1203, § 29,1333, § 31; Ohase, 1728, § 32; 1 Curwen, 194, § 33), has been in force for more than half a century, but no case has arisen in this court which called for its construction. It is insisted on behalf of the plaintiff in error:
J. That the statutory provision does not, and constitutionally cannot, extend to the sale or conveyance of lands which lie beyond the territorial limits of this state. Upon grounds of public policy, it may not be competent for the legislature of this state to provide that acts committed wholly in another state, with respect to property situated therein, shall be punishable in this state; but nothing of the sort is contemplated by the statutory provision under consideration, which provides for the *622 punishment of frauds committed within this state. The place where the land may be situated is wholly immaterial. This case is within the letter as well as the reason and spirit of the enactment.
2. Moreover, it is said that the statute is repugnant and void, in that it punishes one who conveys land which he did not own. But the crime inhibited is giving to an instrument the form of a conveyance of land, with intent to defraud. The objection is clearly untenable. ,
3. The indictment, it is said, is insufficient, because the deed is not set forth therein. Counsel insist that the court should be enabled to say, looking to the face of the indictment, whether the deed would have been of any legal force or effect if Kerr had been the owner of the land. We do not find it necessary to determine whether it is essential, in order to constitute the crime inhibited, that the deed should be in such form as to convey the land in case the grantor had been the owner. Of course, the form of the conveyance must be determined from the law of Missouri, but what the law of Missouri may be is a question of fact. Ingraham v. Hart, 11 Ohio, 255 ; Smith v. Bartram, 11 Ohio St. 690; Niagara Co. Bank v. Baker, 15 Ohio St. 68. Even if the deed had been set forth at large in the indictment, the court would have been unable to legally determine whether it was in compliance with the law of Missouri. An averment that the deed was in proper form under the laws of that state would still have been necessary. We are satisfied that neither of these things is required in an indictment under the provisions of our statute relating to criminal procedure; and that, if it is necessary in order to constitute the offense here charged, that the deed should be in the form of. a proper conveyance under the laws of Missouri, the matter is one of proof and not averment. Whart. Cr. Pl. &Pr. §§114, 182, 183.
4. Furthermore, it is urged that two offenses are charged in the indictment, that is, a sale and a conveyance. But a conveyance under this statute includes a sale, and hence the indictment is unobjectionable in form. In holding this objection to be untenable, we are supported by the principle of vrell considered cases. Thus, in Mackey v. State, 3 Ohio St. 362, it *623 was held that an 'indictment under the act of 1835, charging that the accused uttered a “false, forged, and counterfeited bank note,” was not bad for repugnancy. And see Stoughton v. State, 2 Ohio St. 562; Bailey v. State, 4 Ohio St. 440.
5. Objection is also made, that the indictment found by the grand jury was not “ presented by the foreman to the court,” as required by Rev. Stats. § 721 Ó. But there was no motion to quash. “ A motion to quash may be made in all cases when there is a defect apparent upon the face of the record” (Rev. Stats. § 7249), and the accused, by pleading not guilty, without filing such motion, waives all defects that might have been reached by such motion. Rev. Stats. § 7253.
6. Further objection is made that the jury impaneled for the trial of the cause was not properly sworn. The record shows that a jury came (the names being set forth), “who were duly sworn well and truly to try and true deliverance make between the state of Ohio and the defendant at the bar, J. Manford Kerr.” The statute provides: “ When all challenges have been made, the following -oath shall be administered: ‘You shall well and truly try and true deliverance make between the state of Ohio and the prisoner at the bar (giving his name): so help you God.’ ” Rev. Stats. § 7281.
Johnson v. State, 47 Ala. 62, is cited as an authority in support of the objection to this oath. Ye deem it unnecessary to enter into an examination of the difference in the statutory provisions regulating practice in criminal cases in that state and this state. This record shows that the jury was sworn to do the only thing required of its members by the statute, that is, to well and truly try and true deliverance make between the state and the accused. The supposed defect is the omission from the record of the invocation, “ so help you God.” But, under the practice in this state, the omission of those words from the record is not a substantial defect for which we would be warranted in reversing the judgment; certainly we should not do so where it is stated, as it is in this record, that the jury was “duly sworn.”
7. Divers errors, it is said, are shown by a bill of exceptions. The record contains a paper called a bill of exceptions, but we *624 are not at liberty to consider it. The cause was tried, verdict rendered, motion for a new trial overruled, and sentence pronounced at the October term, 1880. In fact, the case was finally terminated at that term; but there was no entry made during, or as of that term, showing the signing of any bill of exceptions. The only entry of signing a bill of exceptions, was made in the minutes of the $anuary term, 1881. The statute (Rev. Stats. § 7304), provides for bills of exception in criminal cases, and that “ the taking of all bills of exception shall be governed by the rules established in civil cases.” In civil cases, the bill may be allowed and signed, during the term, or, where the party taking the exception consents, such bill may be allowed and signed at any time within thirty days after the term; but where the bill is signed after the term, “ the journal must be kept open, and the allowance and signing thereof entered thereon as of the term.” Rev. Stats. § 5 302. In this case it is true that the bill was signed, and entered on the journal of the court within thirty days after the expiration of the October term, but, as already stated, it was not entered in the minutes of, or as of that term; and, according to the principle of cases decided by this court, we are not permitted to disregard such omission. Unless the statute is complied with, a bill of exceptions cannot legally be regarded as part of the record. See cases cited in 2 Rev. Stats. 1290.
We find no error in the record which will warrant a reversal of the judgment.

Judgment affirmed.