Dickman, J.
The only question involved in this case is, whether under the act of May 4,1869 (66 Ohio Laws, 91), interest at the rate of eight per cent, per annum is usurious where contracted for and paid and received annually in advance. It is provided in Section I. of the act:
“ That the parties to any bond, bill, promissory note or other instrument of writing, for the forbearance or payment of money at any future time, may stipulate therein for the payment of interest on the amount of such bond, bill, note or other instrument of writing, at any rate not exceeding eight per centum per annum, payable annually.”
It is contended by the learned counsel for the plaintiff in error, that the statute fixes the rate of interest and not the time of payment, and that as a contract to pay the rate semi-annually is not usurious, there is no principle that would prevent the contract from providing for the payment of the rate semi-annually or annually in advance. This means neither more nor less, than that the borrower may be bound to pay interest at a stipulated rate of eight per cent, per annum upon money of which he has never had the usé, and yet the contract be free from usury. Interest for money is the reward or compensation which is paid by the borrower to the lender, or by the debtor to the creditor, for its use. If it is paid in advance or deducted at the time of thevloan, the principal, of which the borrower is to have the use, is reduced fro tanto, and the lender should not be compensated for the use of money which in fact he has not loaned. B, for illustration, borrows 'and gives his note for $12,000, payable in one year after date, with interest at the *265 rate of eight per cent, per annum, and thé interest is deducted in advance. He receives only $11,040, which he uses for one year; but, as compensation therefor, pays the stipulated rate of interest on twelve thousand dollars. By computation it will be seen that he has paid interest at the rate of eight and sixty-eight one-hündredths per cent, on the amount which he has actually received. He has lost the use of the $960 held back by the lender, which he would have had, if the interest had been payable only after it had accrued or been earned. His payment of interest on the sum so deducted is without consideration, and solely for the benefit of the lender. A construction of the language of the statute as applicable to the rate of interest only, and not to the time of payment, which will permit the-payment of interest at periods shorter than the time a note has to run, furnishes, in our view, no reasonable ground for the advancement of interest before it accrues or is earned.
“The ordinary way of discounting notes and bills, by taking the interest in advance out of the sum paid, is undoubtedly usurious, in the strict sense of ,the word. For the lender receives interest on the whole for the use of but a part.” 2 Parsons on Notes and Bills, 4-21.
In Ohio, express statutory authority has been given in many instances to banks and other corporations to reserve interest in advance. But the fact that such authority has been expressly granted by statute, furnishes the strongest implication that it is denied to all others. Under the act to authorize free banking, there is granted to every company formed under the act the power “ to loan money, buy, sell, and discount bills of exchange, notes, and all other written evidences of debt,”. etc. To .discount paper, as understood in the business of banking, is only a mode of loaning money with the right of taking the interest allowed by law in advance. Niagara County Bank v. Baker et al., 15 Ohio St., 68. This right, we think, has been limited in Ohio to banking institutions, or those doing banking or discount business.
And, not only in our own state, but in other states where *266 the reservation of interest in advance is permitted, it is mostly in cases of commercial paper discounted on short time by banks or parties doing a banking business, and not the same as cases of investment and loan secured by mortgage. Savage, Ch. J., in the Bank of Utica v. Wager (2 Cowen, 769), says“ This privilege of deducting the interest by way of discount, i apprehend, is confined to bankers, and those who deal in bills of exchange or promissory notes, by the way of trade.” The loans by banking institutions being for short periods, and the difference between discount and interest being in consequence so inconsiderable, it is not unreasonable that the legislature should discriminate between private lenders and banks and those who deal in commercial paper by way of trade. It is quite obvious, that unless the practice of deducting interest in advance is limited to short loans as by bank discounts, the usury will become greater in proportion as the period for which the usury is taken becomes longer. Thus, in a loan of one thousand dollars for twelve and a half years, at eight per cent, per annum paid in advance, the principal will be exhausted in the interest deducted, and the borrower will receive nothing.
Ea¡ch state has its own usury laws, and in the construction of our own statutes, we can derive but little assistance by resorting to the adjudications of other states. .Moreover, state statutes which provide penalties for usury, and are therefore strictly construed in favor of the honest lender, will not furnish safe analogies for guidance in construing and applying our own statutes, which enforce no severer rule as to payments of usurious interest, than to treat the excess of interest above the rate allowed by law as payments made on account of the principal.
In the case at bar, Boyles, on the 20th day of September, 1875, executed and delivered to the Penn Mutual Life Insurance Company — the plaintiff in error — his three several promissory notes of that date; the first for twelve thousand dollars secured by mortgage on real estate, and payable three years after date; the second for nine hundred and *267 sixty dollars payable to the company in one year after date; and the third for nine hundred and sixty dollars payable to the company in two years after the date thereof. It is beyond dispute, that the note for $12,000 was given for a loan made to Boyles by the company on the 20th of September, 1875 ; that by the terms of 'the loan, Boyles agreed to pay the company thereon, eight per cent, interest per annum, payable each year in advance; that in pursuance of such agreement, the company retained out of the $12,000 the sum of $960, as the interest thereon for the first year, and paid over to Boyles at the date of the loan only $11,040; that the notes for $960 each were for the interest on the loan for the second and third jrears thereof respectively; and that such interest notes were paid at maturity, at the beginning of the second and third years respectively.
In recognition of well-established principles, we are of the opinion that the aforegoing transaction was usurious. The company should, therefore, be remitted to the legal rate of six per cent, interest upon the amount actually loaned to and received by Boyles; and should credit as payment upon the principal, all excess of interest above that rate paid at any time since the date of the notes.
The judgments of the district court and court of common pleas should be affirmed.

Judgment accordingly.