INDUSTRIAL SAVINGS & LOAN COMPANY OF CHARLESTON,
WEST VIRGINIA *v.* J. D. SCHULTZ

(No. 8268)

Submitted March 3, 1936.   Decided March 10, 1936.

*Herman E. Rubin,* for plaintiff in error.
*Dillon, Mahan & White,* for defendant in error.

LITZ, JUDGE:

This is an action by notice of motion for judgment on a contract of guaranty.

By writing dated September 4, 1930, A. L. Monteith, E. S. Monteith and defendant, J. D. Schultz, guaranteed to plaintiff, Industrial Savings & Loan Company of Charleston, West Virginia, the payment at maturity of any and all notes, drafts or acceptances then held or which might thereafter be "purchased or discounted" by plaintiff on which Fayette Supply Company, Inc., of Fayetteville, West Virginia, was or might become liable as "maker, drawer, acceptor, indorser or guarantor." To the judgment of the circuit court, rendered upon a directed verdict in favor of defendant, plaintiff prosecutes this writ of error.

The action was brought to recover a balance of $342.21 on a note for $500.00 dated February 12, 1932, signed by the Fayette Supply Company, S. H. Monteith and E. S. Monteith, as makers, and payable to the order of plaintiff ten months after dates. The Fayette Supply Company was, at the time of the execution of the guaranty, engaged in the sale of radios, electric refrigerators and other articles of merchandise under conditional sales contracts. With the exception of the $500.00 note, evidencing a loan of $500.00, less discount, by plaintiff to the Fayette Supply Company, the transactions between plaintiff and the Supply Company, subsequent to the execution of the guaranty contract, consisted of the purchase or discount by the former of commercial paper held by the latter representing the purchase price of merchandise secured by conditional sales contracts. In these transactions, plaintiff retained, as further security for the payment of the paper, ten per centum of the discount value thereof.

Defendant relies upon two defenses as follows: (1) that the $500.00 note was not covered by the guaranty; and (2) that $130.64 of the retained percentage, which plaintiff returned to the Supply Company before the note was executed should be credited thereon.

First. Does the note come within the specifications of the guaranty? As the Fayette Supply Company was liable on the note as maker, the only remaining question is whether it was discounted by plaintiff within the meaning of the guaranty. "The word discount, by the usage of the commercial world and the common voice of all the dictionaries, means simply to buy at a reduction, and *a loan is only one species of discount.*" 1 Morris on Banks & Banking, (6th Ed.) p. 164. "Discounting paper is only a mode of loaning money and the right to take interest allowed by law in advance." *Niagara County Bank* v. *Baker,* 15 Ohio St. 68. "Nothing can be clearer, than that by the language of the commercial world, and the settled practice of banks, a discount by a bank means, *ex vi termini,* a deduction or drawback made upon its

advances or loans of money, upon negotiable paper, or other evidences of debt, payable at a future day, which are transferred to the bank." *Fleckner* v. *U. S. Bank,* 8 Wheat. 338, 350, 5 L. Ed. 631. We conclude, therefore, that the note in question was discounted by plaintiff within the meaning of the guaranty.

Second. The repayment by plaintiff to the Supply Company before the note in question was executed of $130.64 from the fund created by the ten per centum retained by the Loan Company from the purchase or discount price of the commercial paper sold or discounted by the Loan Company to the Supply Company in no wise violated any term of the unconditional guaranty.

The judgment is reversed, verdict set aside and new trial awarded.

*Reversed and remanded.*