Lucy Cassidy, Administratrix, v. Scottish-American Mortgage Company, Limited, et al.

Decided November 13, 1901.

**1.—Usury—Pleading—Payment.**

See pleadings held not to show a right to recover back usurious interest paid, the payment, which was made out of plaintiff's money, being alleged to have been made by one who claimed to act as, but was not alleged to be, the plaintiff's agent.

**2.—Assignment of Error—Special Exceptions.**

An assignment that the court erred in overruling plaintiff's special exceptions to defendants cross-action, eight in number, was too general to require consideration.

**3.—Usury—Payment Out of Loan by New Party.**

One who loaned money upon mortgage out of which a previous mortgage to another, affected with usury, was discharged, may recover, notwithstanding the usury in the first transaction.

**4.—Foreclosure—Parties.**

One to whom defendant in a foreclosure proceeding had conveyed the land was properly made a party to the foreclosure.

**5.—Mortgagee—Payment of Taxes.**

A mortgagee may recover, in foreclosure proceedings, taxes which he was compelled and authorized by his security to pay on the property to protect his lien.

**6.—Notary—Agent—Evidence.**

A notary taking an acknowledgment may testify that fact on a plea of non est factum to the instrument, though he was, at the time of taking it, agent of the party acknowledging it.

Appeal from Travis. Tried below before Hon. F. G. Morris.

*W. L. White* and *Hogg & Robertson,* for appellant.

Appellant's tenth assignment of error was as follows: "The court errer in permitting witness C. F. Hill to testify, over the objection of plaintiff, in regard to the deed of trust and note sued on by the defendant, Lula C. Templeton, and as to his having taken the acknowledgment to said deed of trust, the said witness having acknowledged that at the time he took said acknowledgment he was the agent of the party alleged to have acknowledged and signed the same."

*Hamer & Gordon,* for appellees.

COLLARD, Associate Justice.—The nature and result of this suit is correctly stated in appellant's brief as follows:

"This suit was brought by Lucy Cassidy as administratrix of the estate of Sarah J. Cassidy, deceased, against the Scottish-American Mortgage Company, Limited, and Brown Bros., a firm composed of R. L. and J. Gordon Brown, who were the agents and representatives of the said corporation, to recover against said corporation the sum of $5911.76, alleged to be double the amount of usurious interest collected by said Brown Bros. from the plaintiff's decedent for said corporation, and against J. H. and J. B. Pope and Mrs. Lula C. Templeton (1) for the cancellation of a note of $4050 and a deed of trust executed to secure the same, because said papers were not executed by the said Sarah J. Cassidy, or by anyone authorized by her to execute the same, and were without consideration, and it was asked, in the event the court should hold that said instruments could not be canceled on said grounds, then (2) for judgment declaring said note and deed of trust to be void to the extent of $2455.88, which it was alleged represented usurious interest paid to the other defendants. The plaintiff claimed the right to join these parties in one suit upon the following grounds: It was alleged that Sarah J. Cassidy borrowed originally from the Scottish-American Mortgage Company, through its agents, Brown Bros., $1000, and that said debt, through various other transactions and manipulations, was increased by usury until it purported to amount to $3630.88, when the Popes and Mrs. Lula C. Templeton procured the execution of said note for $4050 and advanced the money thereon, and, assuming to act as agents for Mrs. Cassidy with knowledge that said debt was usurious as aforesaid, paid to Brown Bros. the sum of $3630.88 out of the proceeds of said note, and thereby took up for her the usurious note, it being alleged that the whole transaction involved all of said parties and they were all necessary parties defendant to an adjustment of said question.

Upon the trial the court sustained a general demurrer and special exceptions to plaintiff's petition as to the cause of action asserted against said corporation and Brown Bros., thereby holding that the pleadings did not show the collection of usurious interest, and plaintiff refusing to amend, her cause of action against said parties was dismissed by the court and judgment final rendered against her and in their favor for costs, to which ruling and judgment she excepted and in open court gave notice of appeal.

The Popes disclaimed all interest in the note and deed of trust and were dismissed on their disclaimer. After reply to plaintiff's suit, Mrs. Templeton reconvened against the plaintiff individually, and as administratrix, and asked judgment upon the said $4050 note with foreclosure of the deed of trust. Upon the trial, the court held that the notes and deed of trust were executed by the said Sarah J. Cassidy upon a valid consideration, and rendered judgment against plaintiff for the amount of principal and interest, attorney's fees, and taxes paid under

the provisions of said note and deed of trust, and certified the same to the County Court for observance. Plaintiff filed a motion for new trial, which being overruled, she excepted and gave notice of appeal to this court, and having assigned errors now presents the case here for revision."

The original petition was filed October 15, 1900, and the first amended original petition was filed December 14, 1900. John H. and J. B. Pope filed their disclaimer the 18th day of October, 1900. Trial by the court without a jury.

*Findings of Fact.*—We find the facts proven on the trial as follows: On the plea of non est factum, the evidence was sufficient to warrant the finding that Sarah J. Cassidy signed and executed the note and deed of trust to which said plea is addressed, and that there was no failure of consideration in whole or in part. The judgment on Mrs. Templeton's plea in reconvention is sustained by the evidence.

The note of Sarah J. Cassidy, to which usury is set up by plaintiff, was paid to Brown Bros. acting for the mortgage company as its agents. Mr. J. B. Pope in explanation of the payment and the note held by Mrs. Templeton, testified, and we find his testimony to be true, as follows: "Mr. R. J. Hill and Mr. C. F. Hill both spoke to me about getting a loan for Miss Cassidy on the property, and the loan was negotiated through them. I understood there was a loan held by Brown Bros. Did not know how much, except that it was over there. We had the title examined and I saw that the Brown Bros'. loan was taken up and gotten out of the way. The agreement was to get the Brown Bros'. loan out of the way. That was to be settled. I required them to take it up, because I did not care to have a second lien. We agreed to loan them $4050. When the loan was closed, the money was paid by one check given to Brown Bros. to pay off their claim, and the other check was given to Walton & Hill as agents. I paid Brown Bros. the amount due them according to the statement furnished me, by check. There was some money due in excess of the amount necessary to pay Brown Bros., and a check was given to Walton & Hill, and then the amount of the stamps on the paper was taken out, and these amounts cover the $4050 loan. These are the checks, one to Brown Bros. for $3630.88 and the other to Walton & Hill for $416.52. Mr. Hill did not tell me that there was any controversy between Brown Bros. and Sarah Cassidy as to the amount yet due. I had not personal knowledge of any such controversy. I merely had the abstract. I did not know that she was claiming that Brown Bros. required her to give a note for a larger amount than she ever received. He identified the note that he says was delivered to me as the Cassidy note. C. F. Hill or R. J. Hill delivered the note to me and this instrument is the deed of trust. There is $1.75 in revenue stamps on the deed of trust and 82 cents on the note, that makes $4049.99, and that is as near as we could get at it. Mrs. Lula C. Templeton owns the note at this time. Nothing whatever has been paid on

it. I have paid the taxes on it, and the receipts will show the amount. I don't know just where they are. Here is one of the tax receipts, show-- ing the payment of $168.20. That I paid to the city tax assessor (col-- lector) ; this is the official receipt for the year 1899. I paid it January 26, 1900. I have employed Messrs. Hamer & Gordon to represent Mrs.. Templeton in the probating of this claim. The claim has been pre- sented to the administratrix. I did not take it up in person."

On cross-examination the witness again identifies the note and deed of trust, and says, "for these two instruments I gave the checks and stamps." He says he examined the abstract and found the property had a mortgage on it, "and took Hill's statement for the amount due, and gave Brown Bros. a check for the amount due them, and Walton & Hill a check for the balance." The witness further explains payment of taxes. on the property covered by the deed of trust and the penalty.

We conclude from the testimony that Pope advanced the money to Mrs. Cassidy to take up her note to the mortgage company for which she executed her note, including therein the amount paid to Walton & Hill at her instance, for all of which she executed the note sued on by Mrs. Templeton, the owner.

The note to Mrs. Templeton, duly authenticated as a claim against the estate of Sarah J. Cassidy, deceased, was presented to Lucy Cassidy, administratrix, and was by her rejected. J. B. Pope gave a check, dated November 28, 1898, on the American National Bank of Austin, Texas,. in favor of Brown Bros., for $3630.88, indorsed by Brown Bros., which was paid by the bank November 30, 1898.

J. B. Pope also gave at the instance of deceased a check on the same bank in favor of Walton & Hill, trustees, for $416.52, on same date,. which was paid by the bank.

In order to a full undersanding of the pleadings of plaintiff, to which demurrers were sustained by the court, we deem it necessary to set out. in full plaintiff's first amended original petition. It is as follows :

"Comes now Lucy Cassidy, administratrix, plaintiff in the above en- titled and numbered cause, and leave of the court first had and obtained,. files herein this her first amended original petition in lieu of her original petition filed herein on the 15th day of October, A. D. 1900.

"Comes now your petitioner, Lucy Cassidy, a feme sole, administra- trix of the estate of Sarah J. Cassidy, deceased, hereinafter to be styled. plaintiff, complaining of the Scottish-American Mortgage Company,. Limited, and Brown Bros., agents and representatives of said company, a firm composed of R. L. Brown and J. G. Brown, of Austin, Texas, now representatives of said company, and John H. Pope and J. B. Pope, of Austin, Texas, and Mrs. Lulu C. Templeton (widow of John D. Tem- pleton, deceased), of Denver, Colorado, all hereinafter to be styled de- fendants, respectfully represents and shows unto the court the following :

"1. The plaintiff is a resident citizen of Travis County, Texas. That her decedent, Sarah J. Cassidy, during her lifetime was a resident of said county and State, and died in Travis County, Texas, on the 13th

day of May, A. D. 1899. That thereafter, to wit, on the 18th day of April, A. D. 1900, plaintiff was duly and legally appointed administratrix of the estate of her decedent, and duly qualified as such administratrix on the 28th day of April, A. D. 1900. That acting in her said representative capacity as the administratrix of the estate of Sarah J. Cassidy, her decedent, she now brings this suit.

"2. That the Scottish-American Mortgage Company, Limited, is a corporation duly created, organized, and existing under and by virtue of the laws of the kingdom of Great Britain, having its office and principal place of business in the city of Glasgow, Scotland, being duly authorized to do business in the State of Texas, by virtue of a permit issued by the Secretary of State thereof, and on July 27, 1892, having as their duly accredited and appointed agents in the city of Austin, Travis County, Texas, the firm of Brown Brothers, a firm composed of R. L. Brown and J. G. Brown, both of whom then resided and now reside in Travis County, and are now the duly authorized agents and representatives of said company.

"3. That John H. Pope and J. B. Pope, defendants herein, reside in Travis County, Texas, and Mrs. Lulu C. Templeton (widow of John H. Templeton, deceased), resides in Denver, Colorado.

"4. For cause of action herein plaintiff says that on the 27th day of July, 1892, her decedent borrowed of defendant, the Scottish American Mortgage Company, Limited, through its agents, the said R. L. Brown and J. G. Brown, at Austin, Texas, the sum of $1000, and to secure the payment of which she executed her promissory note to defendant company for the sum of $1000, dated July 27, 1892, and bearing interest from date at the rate of 10 per cent per annum, interest payable semi-annually, and calling for an additional 10 per cent if said note was placed in the hands of an attorney for collection, said note maturing on the 1st of November, 1894, and being secured by a deed of trust, duly executed on same date, on the south one-half of lot No. 5 in block No. 70, in the city of Austin, Texas, said deed of trust being of record in book 109, pages 125 and 124, of the mortgage records of Travis County, Texas, to which reference is here made.

"Plaintiff further alleges and says that her decedent promptly paid all sums of interest, as the same became due on the above described note, to the said R. L. Brown and J. G. Brown, agents as aforesaid of the defendant company, until January 23, 1894.

"5. Plaintiff further alleges and says that on the 23d day of January, 1894, her decedent, for the purposes of extending the above described note for $1000 and for the purpose of borrowing an additional $175 from the said defendant company, executed her promissory note to the said defendant company for the sum of $2000, due on the 1st of November, A. D. 1895, and said note to bear interest at the rate of 10 per cent per annum, interest payable semi-annually, and further providing, if said note was placed in the hands of an attorney for collection, to bear an additional 10 per cent interest on the amount due

thereon as attorney's fees. Payment of the note for $2000 being secured by a deed of trust signed and executed by plaintiff's decedent on January 23, 1894, giving a mortgage and lien on the south one-half and fractional part of three feet off the north one-half of lot No. 5 in block No. 70, in the city of Austin, Texas, said deed of trust being of record in book 95, on page 458, of the mortgage records of Travis County, Texas, said deed of trust reciting that the said note for $2000 was given for the purposes of subrogating, better securing, and extending the former loan of $1000 from said defendant company to plaintiff's decedent and mentioned in this petition in paragraph 4. That as soon as plaintiff's decedent had executed the said note for $2000 and the said deed of trust to secure same, the said defendant company executed a release, being of record in book 120, pages 268 and 269, of the records of Travis County, Texas. Plaintiff further alleges that of the additional $1000 included in said note for $2000 executed by her decedent as aforesaid, her decedent only received from the said defendant company the sum of $175, and that there being no interest due on the former note for $1000 at the date said note for $2000 was given, the said new contract for $2000 entered into by her decedent and the defendant company for the subrogation and renewal of their former contract for the $1000 as hereinbefore set out constituted and was a usurious contract, in this: The said Sarah J. Cassidy, plaintiff's decedent, by and in said contract for the payment of $2000 to said defendant company with interest thereon from date of signing to maturity at the rate of 10 per cent per annum, agreed to pay the said sum of $2000 with interest thereon as aforesaid, when in truth and in fact she had only received from the said defendant company the sum of $1175, which fact the defendant company well knew; and at maturity of said note for $2000, which was on the 1st of November, 1895, her decedent would have only owed and did only owe to the said defendant company the sum of $1175 principal, interest thereon at the legal rate of 10 per cent per annum, which interest at said date of maturity amounted to $176.25, and this amount added to the said principal made her decedent's entire indebtedness at maturity of said note for $2000 amount to but $1351.25. And the said defendant company, by and through its said agents R. L. Brown and J. G. Brown, did, on the 1st of November, 1895, collect of and from plaintiff's decedent, in the manner hereinafter described, on the said usurious contract, the sum of $2300. The sum of $2000 being claimed as principal and $300 being claimed as interest. Plaintiff further alleges and says that of the said sum of $2300 paid by her decedent to said defendant company as aforesaid, $948.75 was usurious interest, this amount being the difference between the amount she actually owed the defendant company and the amount which she paid to them. Plaintiff alleges and shows to the court that the manner in which said $2300 was paid to said defendant company by her decedent was as follows: That on the first day of November, 1895, her decedent and the said defendant company entered into another contract, whereby her decedent executed her

promissory note to the said defendant company for the sum of $2300, and executed her deed of trust to secure the payment of the same on the south one-half and fractional part of three feet off the north one-half of lot No. 5 in block No. 70, in the city of Austin, Texas, the said deed of trust being of record in book 115, page 4, of the mortgage records of Travis County, Texas. The said note for $2300 falling due on the 1st of November, 1900, and bearing interest at the rate of 10 per cent per annum from date until paid and calling for an additional 10 per cent on the amount due if said note was placed in the hands of an attorney for collection, and said deed of trust to secure same reciting that the same was given as renewal of the principal and interest due from plaintiff's decedent to said defendant company on her former note to said defendant company for the sum of $2000, dated January 23, 1894. Plaintiff further alleges that this contract so entered into by and between her decedent and the said defendant company was a usurious contract, in this: That her decedent at the date and execution of the said note for $2300 was only indebted to the defendant company in the sum of $1351.25, which amount was the principal sum which she borrowed from said defendant company and legal interest thereon from date of borrowing, to wit, January 23, 1894, to date of the execution of said new note for $2300; and plaintiff says that as to the difference between the said $1351.25 and $2300, the amount of the new note, which difference is $948.75, that the same was usurious interest collected from her decedent. That the said usurious contract for $2300 was paid and settled by her decedent to the said defendant company in the manner hereinafter described. That on the 10th day of June, A. D. 1897, and at a time antedating the time when the said note for $2300 became due and payable to the said defendant company, her decedent entered into another contract with the said defendant company, through their agents R. L. Brown and J. G. Brown, whereby she executed her promissory note for the sum of $3000, payable to the said defendant company, with interest thereon at the rate of 10 per cent per annum from date of signing to maturity, said note maturing the 1st day of November, A. D. 1902, and providing for an additional 10 per cent on the amount due on said note in case the same was placed in the hands of an attorney for collection; the interest on said note to be paid annually, and payment of the said note for $3000 being secured by a deed of trust given and executed by plaintiff's decedent on the 10th day of June, 1897, whereby she gave a lien or mortgage on the south one-half and fractional part of three feet off the north one-half of lot No. 5 in block No. 70, in the city of Austin, Texas, the said deed of trust being of record in book 115, page 8, of the records of Travis County, Texas, to which reference is here made; and said deed of trust among other things recites that the said instrument and the note for $3000 for the payment of which it was given to secure, were both given and executed for the purpose of subrogating and better securing the payment of the former note and deed of trust, given by plaintiff's decedent to the said defendant company,

for the sum of $2300 and accrued interest thereon, and to reimburse said company for taxes and insurance paid on said property to the extent of $326.83. Plaintiff alleges that this contract was usurious in this, to wit: that at the time said new contract and note for $3000 was executed and given by her decedent as aforesaid, her decedent was only indebted to the said defendant company in the sum of $1175 with the legal interest thereon at 10 per cent per annum from the date when she had borrowed this sum of money from the defendant company, which was on January 23, 1894, to date of executing the said note for $3000, which was on the 10th day of June, 1897, said interest amounting to $282.64, which added to the principal which she owed made her decedent's total indebtedness to said defendant company at said date amount to $1457.64; and plaintiff says, that, as to the difference between this amount and the said note for $3000, which amount of difference is $1542.36, the same was usurious interest. And plaintiff further alleges that her decedent settled said note for $3000 to the said defendant company in the manner hereinafter described. That on the 9th day of November, A. D. 1898, her decedent, by and through the defendant John H. Pope, who claimed and still claims to have acted in said matter for said decedent, paid to said R. L. Brown and J. G. Brown, agents of said defendant company as aforesaid, the sum of $3630.88 in full satisfaction of the said note to the said defendant company for $3000 and accrued interest thereon, as claimed by the defendant company. Plaintiff further alleges, that, at the date of the payment to said defendant company of the said $3630.88, her decedent was only indebted to the said defendant company in the sum of $1175 with legal interest thereon at 10 per cent per annum from date said sum was borrowed from said defendant company, which was the 23d day of January, 1894, to the date of said payment, which said interest amounted to $556.27, which amount of interest was for four years and 268 days at 10 per cent on the said amount of $1175. This amount of interest added to the principal sum which her decedent owed to the said defendant company made her decedent's entire indebtedness to said defendant company amount, on said date of payment, to $1731.27. And plaintiff alleges that as to the difference between this sum and the amount which her decedent paid to the said defendant company, which amount was $3630.88, which difference amounted to the sum of $2455.88, that the same was usurious interest, and this she is ready to verify. Lucy Cassidy, Administratrix of the Estate of Sarah J. Cassidy, Deceased. Sworn to and subscribed before me on this the 14th day of Dec., A. D. 1900. Jas. P. Hart, Clerk Dist. Court Travis Co.

"6. Plaintiff further alleges that the entire amount of interest paid by her decedent as aforesaid to the said defendant company, on the above recited usurious contracts and notes, was $2455.88, which amount includes the legal as well as the usurious interest collected thereon by the said defendant company as aforesaid. Wherefore she says that the said defendant company having collected of and from her decedent the above

amount of usurious interest, as well as the legal interest, she prays the court to give her judgment for the recovery of double the sum of the entire amount of interest collected from her decedent by the said defendant company on the said usurious contracts as aforesaid, and which amount so prayed for is $5911.76, and for which sum of money she asks judgment against the said defendant company, the Scottish-American Mortgage Company, Limited.

"7.  Plaintiff further alleges that the recital in the heretofore mentioned deed of trust securing the note for $3000 given by her decedent to the defendant company, wherein it states 'that to the extent of $326.83 the same is given to reimburse said company for taxes and insurance paid by said company for her, decedent, on the property conveyed in said deed of trust,' is untrue, and that in truth and in fact, and she alleges it to be a fact, that her decedent paid for herself, all taxes and insurance on the said property from the date of the first contract and loan heretofore set out, to the date of the final settlement with the defendant company on the said contracts, and that her decedent owed said company nothing on account of taxes and insurance paid on said property at the date when said deed of trust was made.  Wherefore, she says that the said sum of $326.83 contained in said note for $3000 consisted of and was a part of the usurious interest charged against and collected from her decedent by the said defendant company in the manner heretofore set out in this petition.

"8.  Plaintiff alleges that on or about the date of the execution of the deed of trust for $3000 dated July 10, 1897, she received a letter from defendant company admitting that her indebtedness to said company as aforesaid was $2000, which letter is now in possession of plaintiff and will be produced on the trial of this case.

"9.  Plaintiff further alleges and represents to the court that on the 11th day of November, 1898, which was two days after the final payment to the said defendant company as aforesaid, the said defendant company, by and through its agent, executed to her decedent a release of all indebtedness, and the same is now of record in book 153, page 622, of the records of Travis County, Texas, and the said release recites that the same releases the heretofore mentioned notes and deeds of trust for the respective sums of $2000, $3000, and $3000.

"10.  Plaintiff further alleges that on the 9th day of November, 1898, the said defendants R. L. Brown and J. G. Brown and J. H. Pope and J. B. Pope procured to be executed two certain instruments, one purporting to be a promissory note for the sum of $4050, of date November 9, 1898, bearing interest from date at the rate of 8 per cent per annum, interest payable annually, and in case the interest was not paid promptly when due, to become as principal and bear interest at the rate of 8 per cent per annum, and also reciting that in case said note was placed in the hands of an attorney for collection or in case legal proceedings became necessary to collect said note, that an additional 10 per cent on the amount due would be paid; and further, in case of default in any of

the interest payments when same should become due, that the entire indebtedness on said note should become due and payable at the option of the holder thereof; the said note purported to be made payable to Sarah J. Cassidy, plaintiff's decedent, and the other instrument purporting to be a deed of trust on the south one-half and fractional part of three feet off the north one-half of lot No. 5 in block No. 70, in the city of Austin, Texas, said deed of trust purporting to have been given to secure the payment of the aforesaid note for $4050, and both of said instruments purporting to have been signed and executed by plaintiff's decedent, Sarah J. Cassidy. That the said deed of trust is of record in book 151, page 398, of the mortgage records of Travis County, Texas, to which reference is here made. That among other things the said deed of trust recites that the same was given to secure the payment of the said note for $4050, and that said note was made and executed for the purpose of subrogating and liquidating the said last mentioned note and deed of trust for $3000 held by the Scottish-American Mortgage Company, Limited. That the said defendants J. H. Pope and J. B. Pope claim to have purchased the said purported note for $4050 from the said S. J. Cassidy, plaintiff's decedent, in due order of trade in the following manner, to wit: They claim to have paid for the said Sarah J. Cassidy, plaintiff's decedent, and at her request, the sum of $3630.88 to the said R. L. Brown and J. G. Brown, agents of the said defendant company as aforesaid, in extinguishment and settlement in full of the debt claimed by them to be due from the said Sarah J. Cassidy to the said defendant company on the said note and deed of trust for $3000. And the difference between the said amount of money which they paid to the said defendant company and the face of the said note for $4050, which difference was $419.12, they claim to have placed in the American National Bank of Austin, Texas. That at the time the said J. H. Pope and J. B. Pope purchased said note as aforesaid, they were acting as the agents of and for the said Lula C. Templeton, defendant, who is the daughter of the said J. H. Pope, and for whom they claim to have purchased said note. That the said Lula C. Templeton, defendant herein, now claims to be the owner and holder of the said note for $4050. Wherefore plaintiff says, that to the best of her knowledge and belief, that the said two instruments, to wit, the said note for $4050 and the deed of trust to secure same, nor either of them, were ever signed or executed by her decedent, nor by anyone duly authorized to sign or execute the same for her, and that the same were wholly without consideration to her decedent and this she is ready to verify. Lucy Cassidy, Administratrix of the Estate of Sarah J. Cassidy, Deceased. Subscribed and sworn to before me, on this the 14th day of December, 1900. Jas. P. Hart, Clerk Dist. Ct. Travis Co., Texas. [Seal.]

"Wherefore, plaintiff prays that said instruments be declared null and void, and that the same be canceled to remove the cloud thereby placed on the title to the property belonging to her decedent's estate.

"11. For further plea herein, plaintiff says that in the event the

above and foregoing plea of non est factum be not established or sustained on the final hearing hereof, then and in that event, she says that said note for $4050 and the deed of trust to secure the same, as heretofore set out and described, having been given and executed for the purposes as recited in said deed of trust, namely, to take up, subrogate, and extinguish the said usurious contract last made and entered into by and between plaintiff's decedent and the Scottish-American Mortgage Company, Limited, whereby her decedent was to pay the said defendant company the amount of the said note for $3000, and the accrued interest thereon; that the said note for $4050 became tainted with and contained the usurious interest heretofore charged against the said note for $3000, and was but a continuation of the said usurious contract heretofore recited and referred to. That the said J. H. Pope and J. B. Pope well knew this at the time they paid the sum of $3630.88 to the said defendant company as aforesaid, and the said J. H. Pope and J. B. Pope, acting as the agents of the said Lulu C. Templeton in the purchase of said note for $4050 as aforesaid, the said Lula C. Templeton had knowledge of the fact that the said note for $4050 contained and was tainted with the aforesaid usury at the time she purchased the said note as aforesaid. Wherefore, plaintiff says that the said J. H. Pope and J. B. Pope having in the manner aforesaid paid for her decedent the said sum of $3630.88 to the said defendant company, and which sum included and contained the said amount of $2455.88 usurious interest paid in the manner aforesaid by her decedent to the said defendant company, and this said amount of $2455.88 usurious interest having been included and made a part of the principal in the said note for $4050, the said note for $4050 became and is a usurious note, and therefore void; and the said J. H. Pope and J. B. Pope and Lula C. Templeton having had knowledge of this fact at the time when they purchased said note in the manner aforesaid, have forfeited their right to collect any interest on said note or the amount of usury contained in said note, and can only collect the amount of principal actually owing on said note by plaintiff's decedent, which amount of principal, plaintiff alleges, is $1175, and of this she prays judgment of the court.

"12. Plaintiff further alleges and shows to the court that her decedent, for many years before her death and from a time antedating the beginning of the transactions set forth in this petition and extending through the entire time embraced by said transactions, was in a state of feeble and precarious health; that she was subject to frequent spells of nervous prostration; that said long continued ill health had seriously affected her mind to such an extent that she was really incapacitated to manage and attend to her own affairs, and was, during the time when the above recited transactions took place, of unsound mind.

"Wherefore, all the foregoing premises considered, plaintiff prays that at the final hearing hereof she have a judgment against the said Scottish-American Mortgage Company, Limited, and R. L. Brown and J. Gordon Brown, defendants, in the sum of $5911.76, and for which she

may have her execution. For a judgment against the said J. H. Pope and J. B. Pope and Lula C. Templeton canceling the said note for $4050 and the deed of trust given to secure the same, to both of which instruments the plea of non est factum has been made heretofore in this petition. In the event, however, that the said plea of non est factum be not proven or sustained by the court at the final hearing hereof, then in that event she prays for a judgment against the said J. H. Pope and J. B. Pope and Lula C. Templeton, canceling so much of said note for $4050 as contains and consists of the usury heretofore pleaded, which usury is in amount $2455.88, and in that event the said J. H. Pope and J. B. Pope and Lula C. Templeton be allowed judgment on said note only for the amount of principal which her decedent owes on said note after the said usury has been deducted therefrom, which amount of principal is $1175. For a judgment against each and all of the defendants herein for all costs in this behalf expended, and for such other and further relief as to the court she may seem entitled, either in law or equity, and for all of which she shall ever pray."

The defendant company demurred generally to the foregoing amended petition, and also specially excepted to the same upon the ground that the averments setting up usury did not state that the contract of usury was in writing. Another special exception is that it is not alleged in the petition that plaintiff has ever paid any part of usurious interest set up or any part of the principal. And another exception is to the effect that the alleged usury contracts and payments occurred more than two years prior to the institution of this suit. Defendant then answers that all matters of debt by plaintiff's intestate to defendant were settled and determined and the amount of indebtedness agreed upon, settled, and stated, and decedent became bound to pay the debts agreed to be due, and her estate and plaintiff are estopped from disputing the agreements so made.

Defendant also sets up estoppel of averments in original petition. Defendant pleads statute of limitation in bar to the suit.

Brown and Brown filed a general demurrer to the petition, and a general denial.

Plaintiff demurred generally to the answers of defendant company and of the Browns, and specially claims that the petition does allege that the usurious contract was in writing. Other special exceptions are set up, which need not be noticed at this time. Plaintiff denied generally the matters of defense set up by the defendant company.

Lula C. Tmpleton by first amended answer and cross-bill, filed January 22, 1901, demurs generally to the petition, and makes some special exceptions which need not be noticed. She denied generally the petition; and by special answer averred that about the 8th day of November, 1898, Sarah J. Cassidy executed and put in circulation her promissory note of that date for $4050, payable to her order, four years after date, in gold, bearing 8 per cent interest per annum, in which it is stipulated that the interest be paid annually, and if not paid when due, the interest to become principal and as principal to bear a like rate of interest, and

the note to become due and payable at the option of the holder,—providing for payment of attorney's fees, if placed in the hands of an attorney for collection, to pay additional 10 per cent on the note. And to better secure the note she executed trust deed conveying to trustee R. J. Hill certain part of lot described; that on the day of its execution, she, Sarah J. Cassidy indorsed the note in blank, so making it payable to bearer, and that thereafter she, Lula C. Templeton, before maturity, purchased the note in good faith, in due course of trade, for a valuable consideration, without notice of any infirmities or defenses now set up in plaintiff's petition, whereby she, Mrs. Templeton, became an innocent purchaser of the note. She further shows that she is entitled to $168.20 taxes she was compelled to pay to the city of Austin.

It is alleged that she was compelled to resort to legal proceedings to collect the note, and did so, whereby the additional 10 per cent stipulated in the note became due and payable; that Mrs. Cassidy died, and the note duly authenticated as a claim against her estate, including interest, attorney's fees, and taxes paid, amounting to $5339.47, was presented to plaintiff Lucy for approval, and she refused to allow it and indorsed it disallowed on the 15th day of October, 1900. It is further averred that Sarah J. Cassidy, after the execution of the said note and deed of trust, conveyed the property described in the deed of trust, and the vendee is claiming an interest in the same; that her title is subordinate to the lien of Mrs. Templeton. Prayer that the claim and lien be established against the estate of S. J. Cassidy superior to the claim of Lucy Cassidy, and that judgment be certified to probate court for observance.

Plaintiff demurred generally to the foregoing cross-action, and specially to the usury, that it vitiates the contract in the hands of an innocent holder. Other objections are made which need not be mentioned. She also pleads non est factum to the note and deed of trust, and the answer is sworn to. She also pleads that the note is usurious as being a continuation of and emanating from the note given to the defendant mortgage company, and is void as to all interest, though held by an innocent purchaser. Wherefore, she says that Mrs. Templeton is only entitled to recover the principal of the note, if anything at all. She disputes the right to collect from her the taxes paid on the property. Other matters are set up which need not be noticed.

*Opinion.*—It is insisted by appellant Cassidy that the court erred in sustaining special demurrer of the defendant company to the first amended original petition for the recovery of usurious interest claimed. The action of plaintiff is founded on the stateute, article 3106, which provides for the recovery of double the amount of usurious interest paid on contracts.

We have no difficulty in deciding that averments of the petition set out usurious contracts, and that such contracts are alleged to be in writing; but the averments of the petition to recover the same fail to show that plaintiff paid usury to the defendant. The averment on the sub-

ject is "and plaintiff further alleges that her decedent settled said note for $3000 to the said defendant company in the manner hereinafter described. That on the 9th day of November, 1898, her decedent, by and through the defendant John H. Pope, *who claimed and still claims to have acted in said matter for said decedent, paid* R. L. Brown and J. G. Brown, agents, etc."

Besides the general demurrer, there is a special exception by the company in its first amended original answer in the following language: "Plaintiff sues for the recovery of usurious interest, and the allegations in her petition show that she has never, in or with reference to the contracts, notes, and mortgages mentioned in her petition or either one of them, paid any part of the interest, usurious or otherwise, or any part of the principal or anything else mentioned or provided for in said contracts. Wherefore, defendant prays that all parts of said petition which pray for recovery of amount claimed as usury, be stricken out." The court sustained demurrers of the company to the amended petition.

We do not believe the court erred in so doing. It is not averred distinctly that plaintiff's decedent did in fact pay any interest. It is averred that Pope, "who claimed and still claims to have acted in said matter for decedent paid," etc. This is not equivalent to an allegation that Pope was her agent in the payment; that distinct act seems to have been purposely avoided in the plea. It had to be sworn to by plaintiff before the question of usury could be inquired into on the facts. Rev. Stats., art. 3107. Whether the demurrer be general or special, we believe there was no error in sustaining it.

An important allegation to entitle plaintiff to a recovery for double the interest claimed—that is, the payment of usury—was omitted, and in such case it can not be held that the petition was sufficient as against a general demurrer. Chief Justice Gaines, in Telegraph Company v. Henry, 87 Texas, 168, 169, says: "The rule of this court requires that we should extend to the averments in a petition every reasonable intendment as against a general demurrer; * * * but it was certainly not intended by the rule to dispense with a statement in logical and legal form of the substantive issuable facts which constitute the cause of action, as required by the statute." See also Lewis v. Hatton, 86 Texas, 534. No cause of action being set up against the defendant company, none was set up against the Browns, who are shown to be its agents.

The sixth assignment of error complains of the action of the court in "overruling the plaintiff's general demurrer and special exceptions contained in her first amended original answer to the cross-action of the defendant, Lula C. Templeton, and in limiting plaintiff to a trial on the questions of non est factum and failure of consideration." The eighth assignment alleges that error was committed in not sustaining the plaintiff's "exceptions contained in her first amended original answer to the cross-action of the defendant Lula C. Templeton." The answer referred to contained a general demurrer and about eight special exceptions; and under rule 26 and a long line of decisions, these assignments

of error are too general to require consideration, especially as they are not followed in appellant's brief by propositions, but are submitted as propositions within themselves. Keowne v. Love, 65 Texas, 153; Railway v. Redeker, 67 Texas, 182; Paschal v. Owen, 77 Texas, 583; Railway v. Downie, 82 Texas, 383; Railway v. Donovan, 86 Texas, 378; Gregory v. Coleman, 3 Texas Civ. App., 166; Utley v. Smith, 32 S. W. Rep., 908.

The averments of the Templeton cross-action show that the estate of Sarah J. Cassidy is liable for the claim sued on, and that she, Sarah J., conveyed the property on which the lien is sought to be foreclosed to Lucy Cassidy. In such case, it was proper to make Lucy a party to the cross-action in her individual capacity, in order to foreclose the lien set up, as well as against her as administratrix to establish the claim against the estate. She was made a party for the purpose of foreclosure. Schmeltz v. Garey, 49 Texas, 58.

There was no error in overruling plaintiff's exception to the Templeton cross-action seeking to collect from the estate certain taxes due by the estate on the property, which had been paid by Mrs. Templeton. Nor was there any error in permitting C. F. Hill to testify that he, as a notary public, took the acknowledgment of Sarah J. Cassidy to the deed of trust; nor was there any error in admitting in evidence the deed of trust so authenticated for record.

We have considered every assignment of error presented in appellant's brief, but have not in the above discussed all of them, and do not deem it necessary. We have concluded that no error is pointed out. Therefore the judgment of the lower court is affirmed.

*Affirmed.*

Writ of error refused.