## HOLCOMB v. ELY.

(Court of Civil Appeals of Texas.    Amarillo.
March 29, 1913.)

USURY (§ 52*)—USURIOUS CONTRACTS—WHAT
CONSTITUTES.

Where plaintiff told defendant's agent who was seeking to procure a loan that he would not lend his money for 10 per cent., but that, if defendant's agent would pay him $20 out of his commission, he would lend defendant $257 at 10 per cent., the loan when made under those conditions was usurious, and defendant may recover back twice the interest he had paid thereon.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 109–113; Dec. Dig. § 52.*]

Appeal from Scurry County Court; Fritz R. Smith, Judge.

Action by E. J. Ely against D. Holcomb, in which defendant counterclaimed. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

Higgins, Hamilton & Taylor, of Snyder, for appellant. W. S. Payne, of Snyder, for appellee.

HUFF, C. J. Appellant, D. Holcomb, executed his note, payable to appellee, E. J. Ely, or his order, for the sum of $257, dated March 18, 1911, due November 15, 1911, bearing interest at the rate of 10 per cent. per annum from date and 10 per cent. on principal and interest as attorney's fees. The note was credited October 20, 1911, with $150, and February 3, 1912, with $90. Suit was brought in the county court for $50.95, balance due on note and to foreclose lien on property of the alleged value of $400. The appellant answered and pleaded usury, and by cross-petition asked for judgment under the statute for double the amount of interest paid thereon.

The facts are uncontroverted that J. E. Eubanks agreed to assist Holcomb in borrowing the money in order to pay off certain interest then due a loan company by Holcomb, which company's interest in that particular the evidence indicates Eubanks was looking after. Eubanks told Holcomb he could not get the money for 10 per cent., as it would be hard to obtain owing to the money stringency at that time. The appellant was teaching school and unable to get out and look for the money, and requested Eubanks to secure it for him. Eubanks went to appellee to borrow the money. The appellee testifies: "Eubanks came to me to borrow this money, and I told him I would not loan money at 10 per cent. He stated to me that he was getting a commission of $25 to secure the loan, and that he would give me $20 of his commission if I would make the loan and deliver the kind of security I would get. I looked at the security and approved the same, and made the loan by giving to J. E. Eubanks the check for $257, payable to D. Holcomb. Eubanks paid

me back that day $20 to make the loan. He drew the note and papers and brought D. Holcomb's note to me. * * * I would not have made the loan for 10 per cent. and accepted the proposition to make the loan in consideration that J. E. Eubanks pay me $20 out of his commission." Again he testified: "I knew that I was going to get this $20 before I made the loan. If I had not so known I was to receive the said $20, then I would not have made the loan which I did make and for which D. Holcomb executed and delivered his note in that amount—that is, $257."

J. E. Eubanks says that Holcomb agreed to pay $25 as commission to get the money, and that he was willing to pay 20 per cent. interest in order to get it; that he agreed with Ely, appellee, that he would pay $20 out of his commission if he would loan Holcomb the money. Ely agreed to do so, and gave his check for $257, payable to Holcomb, which witness turned over to Holcomb, and Holcomb gave him a check then for $25, and on the same day Eubanks gave Ely a check for $20. Eubanks only received $5 for his services in the transaction. Holcomb says he did not agree to pay a commission to Eubanks to secure the money, that Eubanks told him he would have to pay 20 per cent., and that he said that he (Holcomb) was willing to pay that amount. "I did not agree to give him $25 to find the money, but understood I was to pay 10 per cent. interest in advance and 10 per cent. interest from date. * * * I understood from him that some of this $25 went to Ely for making the loan. I asked Eubanks how much he got out of this $25 for his trouble. He stated he got $5."

The evidence in this case, without controversy, shows that Eubanks was acting as the agent of appellant in borrowing the money. He got the money from Ely, appellee, who testified he would not lend the money for 10 per cent. interest, but must have more. Ely gave his check for $257, payable to appellant, with the understanding that he was to have $20 back, which he received the day of the loan. That this was a scheme to get usury there can be and is no doubt, and that appellee not only knew but directed the entire transaction. The facts show beyond any controversy that appellee only gave the appellant $237 and took his note for $257, bearing interest at the rate of 10 per cent. per annum from date. This is not a case where the agent of the money lender received compensation for his services in making the loan without the consent of the principal. The lender in this instance directed the proceeding, gave the check to the agent with the express understanding that he should receive back the sum of $20. The contract is usurious. Texas Loan Agency v. Hunter, 13 Tex. Civ. App. 402, 35 S. W. 399; Fowler

v. Trust Co., 141 U. S. 385, 12 Sup. Ct. 1, 35 L. Ed. 786. This case is distinguishable from the case of Williams v. Bryan, 68 Tex. 593, 5 S. W. 401. The appellant having paid to appellee $240 has paid the principal of the sum borrowed and $3 over. The jury should have found a verdict for appellant, and the court was in error in rendering judgment for appellee for $48.70. The money paid should have been applied on the principal of the debt, and on the sum "received and collected" over that amount appellant, under his cross-petition, was entitled to recover double the amount so received by appellee, which in this case was $3. Baum v. Daniels, 55 Tex. Civ. App. 273, 118 S. W. 754; G. & H. Inv. Co. v. Grymes, 94 Tex. 609, 63 S. W. 860, 64 S. W. 778; Taylor v. Shelton, 134 S. W. 302. We therefore reverse and render the case, and here render judgment that appellee E. J. Ely take nothing by his suit, and that appellant D. Holcomb have and recover of E. J. Ely the sum of $6, being double the interest contracted for and collected by Ely, and that appellant recover all costs in the court below and in this court.

Reversed and rendered.