GUNTER v. MERCHANT et al. (No. 5404.)

(Court of Civil Appeals of Texas. Austin. Nov. 11, 1914. On Motion for Rehearing, Dec. 2, 1914.)

1. USURY (§ 111*)—ACTION FOR USURY—PETITION—SUFFICIENCY.

A petition, in an action for usurious interest paid, which alleges that defendant contracted to loan to plaintiff $8,000 for a year at 10 per cent. interest; that plaintiff gave a note for $8,000; that defendant was paid $1,200, which was $400 in excess of lawful interest; that he did not deliver the full face of the note to plaintiff, but withdrew $800, only advancing $7,200, for which, by means of a subterfuge, he exacted and received the further sum of $400, alleged a payment by plaintiff to defendant of $1,200 and stated a cause of action, within Vernon's Sayles' Ann. Civ. St. 1914, art. 4982, providing that it is necessary to allege and show

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

that the usurious interest was in fact actually received by and paid to defendant.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 272–306; Dec. Dig. § 111.*]

2. APPEAL AND ERROR (§ 501*) — ASSIGNMENTS OF ERROR—EXCEPTIONS—OBJECTIONS.

Under Rev. St. 1911, art. 1971, as amended by Acts 33d Leg. c. 59, providing that objections shall be made to the charge before the same is read to the jury, and all objections not so made shall be considered waived, assignments of error, complaining of the charge, the submission of issues, and the failure to give special charges requested, cannot be considered, where the record fails to show that exceptions were reserved at time of trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2300–2305; Dec. Dig. § 501.*]

3. EXCEPTIONS, BILL OF (§ 31*)—APPROVAL BY TRIAL JUDGE—NECESSITY.

A paper, in the record on appeal, which purports to be exceptions to instructions given and refused, cannot be considered as a bill of exceptions when not approved or certified to by the trial judge.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. § 36; Dec. Dig. § 31.*]

On Motion for Rehearing.

4. BILLS AND NOTES (§ 534*)—ATTORNEYS' FEES—RIGHT TO RECOVER.

A payee of a note, stipulating for 10 per cent. attorney's fees, may not recover attorney's fees, where he does not place the note in the hands of an attorney for collection, but only for foreclosure of a trust deed.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1946, 1947; Dec. Dig. § 534.*]

Appeal from District Court, Tom Green County; J. W. Timmins, Judge.

Action by S. W. Merchant and another against W. M. Gunter. From a judgment for plaintiffs, defendant appeals. Affirmed, and motion for rehearing overruled.

S. C. Autry and Lee Upton, all of San Angelo, for appellant. Hill, Lee & Hill, of San Angelo, for appellees.

RICE, J. Appellees S. W. Merchant and J. S. McConnell brought this suit against appellant Gunter to recover the sum of $2,400, claimed to be double the amount of usurious interest charged, exacted, demanded, and received by him from them, alleging that on March 11, 1912, they entered into a contract with appellant to borrow from him the sum of $8,000 for one year, for which they on said date executed and delivered to him their note for said amount, due March 11, 1913, bearing 10 per cent. interest from maturity, and 10 per cent. attorney's fees; that appellant charged, accepted, demanded, withheld, and received from them, and they paid to him, the sum of $1,200 for the use of said money, which was $400 in excess of the highest rate of interest allowed to be charged therefor under the law; that he demanded and received from them 10 per cent. interest in advance on said loan, and at the same time caused them, by means of a subterfuge and device, to pay to Miss Lula Talbot, for

his benefit, the additional sum of $400, as interest on said loan, in which she was in no way interested or connected, but which was for his sole use and benefit, and as a charge for the use of said money; that by reason thereof they only in fact received the sum of $6,800 from appellant, and the difference between the sum of $6,800 and the sum of $8,000, for which appellees executed their note, to wit, $1,200, was paid by appellees to appellant for the use of said $8,000, and that the $1,200 was unlawfully and wrongfully charged by appellant against appellees, and was actually received by appellant from appellees as interest upon said sum of money; and that by reason of having received said usurious interest, he became indebted and bound to pay to appellees $2,400, being double the amount of such usurious interest so actually paid by appellees to appellant. Appellant answered by general and special exceptions; also admitted some of the allegations contained in appellees' petition, denied others, and, by way of cross-action, pleaded over against appellees for the amount of said note, with 10 per cent. attorney's fees, less a credit of $6,600 paid thereon. Appellees, by a supplemental petition, after general and special exceptions, replied by a charge of usury, and admitted owing appellant on said note the sum of $1,400, but denied that the same was placed in the hands of an attorney for collection, but only for the purpose of procuring a sale under the deed of trust. The facts show that upon the execution and delivery of said note to appellant by appellees, he paid them by check the sum of $7,200, and at the same time required them to give to Miss Lula Talbot a check for $400, upon the bank where they had deposited said fund, which amount was collected by him and applied to his own use and benefit, less $20, paid by him to Miss Talbot, which under the evidence is shown to have been a device for the purpose of obtaining usurious interest. The court charged the jury, as matter of law, that the withholding of the $800 by appellant was the payment by appellees of 10 per cent. interest on the $8,000, and then submitted the case upon special issues, which being answered by the jury, judgment was entered in favor of appellees for $1,000, being the difference between the balance due upon the note and the $2,400 recovered for usurious interest.

[1] The first assignment challenges the action of the court in overruling appellant's exceptions to the plaintiffs' petition, to the effect that the allegations thereof show no cause of action against defendant; but, taken as a whole, merely state that the plaintiffs executed their promissory note, payable to the order of defendant for the sum of $8,000, and that they only actually received from him the sum of $6,800, and that the only payment of usurious interest attempted

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

to be charged was the difference between said latter sum and the face of the note, which showed that the $1,200 was not paid, but only embraced in said note. While it is true that, to recover the penalty denounced by article 4982 of Vernon's Sayles' Civil Statutes, it is necessary to allege and show that the usurious interest was in fact actually received by and paid to the defendant, still in the present case, we think, taking all the allegations into consideration, that this has been done. The allegations are that appellant was paid and actually received the sum of $1,200, which was $400 in excess of lawful interest. The allegations further show that appellant did not pay the full face of the note to appellees, but withheld $800, only paying the sum of $7,200, to them, from which, by means of the subterfuge mentioned, he exacted and received from them the further sum of $400. This was equivalent to alleging the payment by them to him of $1,200. See Baum v. Daniels, 55 Tex. Civ. App. 273, 118 S. W. 754. Also, as bearing on this question, see R. S. 1911, art. 4982; Rosetti v. Lozano et al., 96 Tex. 57, 70 S. W. 204; Taylor v. Shelton, 134 S. W. 302; Holcomb v. Ely, 155 S. W. 695; Anderson v. Cleburne Bldg. & L. Ass'n, 16 S. W. 298; Bank v. Johnson, 104 U. S. 276, 26 L. Ed. 742; Bank v. Baker, 15 Ohio St. 68.

It is contended on the part of appellant, however, that withholding the $800 was not a payment in advance, but appellees merely executed their note in payment for such interest, citing in support of such contention Clayton v. Ingram, 107 S. W. 880; Rosetti v. Lozano, 96 Tex. 57, 70 S. W. 204; Long v. Moore, 126 S. W. 345; Cassidy v. Scottish-Amer. Mortg. Co., 27 Tex. Civ. App. 211, 64 S. W. 1023; 39 Cyc. 1094; Holcomb v. Ely, 155 S. W. 695.

A review of these cases, we think, fails to sustain appellant's contention in this respect, in that they do not show payment of any usurious interest, but only the exaction of the debtor's obligations therefor. In Clayton v. Ingram, supra, the suit was brought to recover on a note given by Clayton to Ingram for $175, the consideration for which was the loan of $150 only, $25 being added as interest. Recovery was for $150 alone, it being held that the mere insertion in the note of $25 for interest was not in fact a payment thereof.

Rosetti v. Lozano, supra, was a case in which the debtor received $200 from the creditor, and gave his note for $235, the $35 being to cover the interest for one year. This was held not to be a payment of usurious interest, but merely a provision for its payment.

In Long v. Moore, supra, the debtor executed his note for $72, whereas, in truth and in fact, he only received $60. Having paid the $60, it was held that plaintiff could not recover for the $12 until after he had paid the same.

The other cases not being in point, it is unnecessary to consider them. The petition, in our judgment, was sufficient; therefore the court did not err in overruling the appellant's exceptions to it, and the assignment raising this point is overruled.

[2] Assignments of error from 2 to 10 complain of the charge of the court, the submission of several special issues to the jury, and the failure to give several special charges requested by appellant. None of these assignments can be considered by us, for the reason that the record shows that appellant failed to reserve exceptions to the action of the court complained of at the time of the trial.

The second and third assignments are based on appellant's motions for an instructed verdict. There is nothing in the record showing that appellant excepted to the ruling of the court in refusing said motions.

The fourth and fifth assignments complain of the court's refusal to give special charges 1 and 2, but there was no bill of exceptions reserved to the court's refusal so to do.

The sixth alleges that the court erred in its main charge to the jury, but no exception was reserved.

The seventh, eighth, ninth, and tenth assignments complain of the action of the court in submitting special issues Nos. 2, 3, 4, and 5, but no bill of exception was reserved to such action.

Article 1971, Rev. Stats. 1911, as amended by Acts 33d Leg. 1913, pp. 113, 114 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1971), provides that objections shall be made to the charge of the court before the same is read to the jury, and all objections not so made and presented shall be considered as waived. This court, of course, cannot know whether objections were made to the charge of the court without proper bills of exception, signed and approved by the court.

[3] In the present case, a paper purporting to be exceptions to the charge and the failure to give the special charges, is found in the record, but this is not approved or certified to by the trial judge, hence cannot be taken or considered as a bill of exceptions. See St. Louis S. W. Ry. Co. of Texas v. Wadsack, 166 S. W. 42; T. & P. Ry. Co. v. Tomlinson et al., 169 S. W. 217.

The remaining assignments complain that the judgment is not supported by the pleadings and evidence nor the verdict of the jury. We think the record satisfactorily shows that appellant charged and received $1,200 as interest for one year on $8,000. This was $400 in excess of the amount that he could lawfully receive as interest for said loan for said time, and tainted the whole transaction with usury. Appellees admitted owing a balance of $1,400 to appellant on said note; and the court, on the verdict of the jury finding that appellant had charged appellees $1,200 as usurious interest on said note, was justified in giving them judgment for double

the amount of such usurious interest, under article 4982, Vernon's Sayles' Civil Statutes. After deducting therefrom $1,400, admitted by appellees to be due, it left appellant indebted to appellees in the sum of $1,000, for which judgment was rendered. This, we think, was in accordance with the law and the facts as presented by the record, for which reason the judgment of the court below is, in all things, affirmed.

Affirmed.

### On Motion for Rehearing.

[4] After a careful review of appellant's motion for rehearing, we are constrained to believe that it is without merit. It is true that in stating the averments of appellees' replication we were mistaken in saying that they alleged that the note was only placed in the hands of an attorney to procure a sale under the deed of trust. We are glad to make this acknowledgment, in order to keep the record straight. We do not think that appellant was entitled to attorney's fees, because the jury found, in response to the fifth issue, that the note was placed in the hands of an attorney for foreclosure, and failed to find that it was placed in his hands for collection. This finding is supported by sufficient and satisfactory evidence.

Believing that the motion is not well taken, the same is in all things overruled.

Overruled.