## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. WADSACK.

(Court of Civil Appeals of Texas. Texarkana. March 19, 1914. On Motion for Rehearing, April 9, 1914.)

1. APPEAL AND ERROR (§ 499*)—BILL OF EXCEPTIONS—NECESSITY—INSTRUCTIONS.

Rev. St. 1911, art. 1971, as amended by Acts 1913, p. 113, provides that the charge shall be in writing, signed by the judge, and, after the evidence has been concluded, shall be submitted to the respective parties or their attorneys for their inspection, and reasonable time given for presentation of objections, which shall in every instance be presented to the court before the charge is read to the jury, and all objections not so presented shall be considered waived. Article 2061, as amended by the same act, declares that the ruling of the court in giving, refusing, or qualifying instructions to the jury shall be regarded as approved, unless excepted to as provided in the foregoing articles (articles 2058, 2059, 2600). *Held* that, under such provisions, the only ruling on instructions which is reviewable is the court's ruling on objections to the charge at the time and in the manner specified, which objections cannot be reviewed, unless presented and brought into the record by a bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 499.*]

2. APPEAL AND ERROR (§ 499*)—REQUEST TO CHARGE—REFUSAL—REVIEW—BILL OF EXCEPTIONS.

Under Rev. St. 1911, art. 1973, as amended by Acts 1913, p. 113, declaring that, when the instructions asked, or some of them, are refused, the judge shall note distinctly which of them he gives and which he refuses, and shall subscribe his name thereto, and such instructions shall be filed with the clerk, and shall constitute a part of the record of the cause, subject to revision for error, the amendment having stricken the further clause, "without the necessity of taking any bill of exceptions thereto," the refusal· of a special charge cannot be considered on appeal, unless the complaining party shows by bill of exceptions that the particular charge was requested and refused, and

that the court's action in so doing was excepted to at the time.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 499.*]

Appeal from District Court, Smith County; R. W. Simpson, Judge.

Action by John Wadsack against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

Marsh & McIlwaine, of Tyler, for appellant. Johnson & Edwards, of Tyler, for appellee

HODGES, J. About the 4th of September, 1912, Mrs. Nancy Wadsack, the wife of the appellee in this appeal, took passage on a train of the International & Great Northern Railway Company at Arp, in Smith county, Tex., destined for Palestine, in Anderson county. At Jacksonville, a station between those points, the International & Great Northern Railway runs practically north and south. It is there crossed by the line of railway of the appellant, St. Louis Southwestern Railway Company of Texas. The crossing of the two railways is at a common grade between the depot of the International & Great Northern Railway Company and a water tank. The train in which Mrs. Wadsack was riding stopped at the water tank for the purpose of taking water after leaving the depot at Jacksonville, and the coach which she occupied stood directly over the crossing of the two railroads. While in that position one of appellant's freight trains approaching from the north ran against the coach occupied by Mrs. Wadsack, and overturned it, inflicting upon her severe personal injuries. A trial before a jury resulted in a verdict in favor of the plaintiff below for the sum of $10,000. The suit was originally against both railway companies; but before trial the plaintiff dismissed as to the International & Great Northern Railway Company, and obtained a judgment against the appellant only.

Among the acts of negligence alleged was the failure of the appellant's engineer in charge of the train which caused the injury to bring his engine to a stop before attempting to cross the track of the International & Great Northern Railway Company, in accordance with article 6564 of the Revised Civil Statutes of 1911. There is practically no dispute in the evidence as to the facts immediately attending the collision of the two trains. The engineer in charge of appellant's train testified that before he reached the crossing he knew of the presence of the train in which Mrs. Wadsack was riding; that for some distance north of the crossing the track of the appellant is on a grade sloping to the south; that as he came down that grade he tested the condition of his air brakes several times, and found them to be working satisfactorily; that just before reaching the crossing he again applied the air, but the brakes failed to hold the train, and, notwithstanding he reversed his engine, he was unable to stop his engine until after it struck and overturned the coach occupied by Mrs. Wadsack. He accounts for the failure of the brakes to work at that particular time by saying that he must have exhausted too much of the air prior to making the final application.

The first assignment of error complains of the following portion of the court's main charge: "So, if you shall find that a locomotive engine being operated by the defendant, St. Louis Southwestern Railway Company of Texas, was not brought to a full stop by the employés of defendant railway company in charge thereof before reaching the crossing of the International & Great Northern Railway Company over the St. Louis Southwestern Railway Company, and if you shall find that, as the direct and proximate result of such neglect, if any, to so stop the locomotive engine, a coach of the International & Great Northern Railway Company, in which plaintiff's wife was riding, was run into by such locomotive engine, and if you find that, as the direct and proximate result thereof, she was injured, it will be your duty to return a verdict for the plaintiff." The objection to this charge is that it is more onerous than the law requires; that it makes the appellant liable absolutely for the injury, without reference to the care which the engineer may have exercised in his efforts to stop the train. The second assignment complains of the refusal of the court to give a special charge, which is as follows: "You are charged that, unless you believe from the evidence in this case that the operatives of defendant's train failed to exercise ordinary care and caution to prevent the locomotive colliding with the train of the International & Great Northern Railway Company, upon which plaintiff's wife was a passenger, then it will be your duty to return a verdict for the defendant in this case." Without reference to the merits of these assignments, we are of opinion that in the present state of the record neither of them can be considered.

The Thirty-Third Legislature adopted some radical amendments to our practice statutes. Article 1971 of the Revised Civil Statutes was amended so as to read as follows: "The charge shall be in writing and signed by the judge; after the evidence has been concluded the charge shall be submitted to the respective parties or their attorneys for inspection and a reasonable time given them in which to examine it and present objections thereto, which objections shall in every instance be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived." Acts 1913, p. 113. The transcript contains the following as

the objections made to the main charge of the court:

"Objections and Exceptions to Charge of the Court.

"John Wadsack v. St. Louis Southwestern Railway Company of Texas. No. 7164.

"In the district court of Smith county, Texas, September term, 1913, comes now the defendant, St. Louis Southwestern Railway Company of Texas, by its attorneys, and excepts to the charge of the court:

"(1) In so far as the jury is therein charged that, if the locomotive was not brought to a full stop by the employés of defendant company in charge thereof before reaching the crossing, defendant would be liable to plaintiff for such damages as his wife sustained, for the reason that the charge is more onerous than the law requires, in that it makes defendant company liable absolutely for the injury, although the jury might otherwise believe from the evidence in the case that the employés of said train exercised proper care to avoid inflicting injury upon plaintiff's wife.

"(2) Because, the evidence showing that plaintiff's wife was not a passenger on one of defendant's trains, defendant was under the duty to exercise only ordinary care for her safety, and as to whether it did or did not exercise such care is under the evidence in this case an issue of fact to be passed upon by the jury.

"(3) Because the effect of the charge, the evidence showing that the train was not brought to a stand, is to tell the jury that the only issue before them is the amount of damages that was sustained by plaintiff's wife.

"(4) Because the court should in his charge define negligence to the jury, and should charge them that, unless they believed from the evidence defendant to be negligent, it would be their duty to return a verdict for the defendant."

Signed by the attorneys for defendant, St. Louis Southwestern Railway Company of Texas.

Indorsed: "File No. 7164. Jno. Wadsack v. St. Louis Southwestern Railway Company of Texas."

The act above referred to also contains the following as an amendment to article 2061 of the Revised Civil Statutes of 1911: "The ruling of the court in the giving, refusing or qualifying of instructions to the jury shall be regarded as approved unless excepted to as provided in the foregoing articles." This article is a part of chapter 19, tit. 37. It evidently refers to the articles which precede it in that chapter—articles 2058, 2059, and 2060. Those articles are as follows:

"Art. 2058. Whenever, in the progress of a cause, either party is dissatisfied with any ruling, opinion or other action of the court, he may except thereto at the time the same is made or announced, and at his request time shall be given to embody such exception in a written bill.

"Art. 2059. No particular form of words shall be required in a bill of exceptions; but the objection to the ruling or action of the court shall be stated with such circumstances, or so much of the evidence as may be necessary to explain it, and no more, and the whole as briefly as possible.

"Art. 2060. Where the statement of facts contains all the evidence requisite to explain the bill of exceptions, it shall not be necessary to set out such evidence in the bill of exceptions; but it shall be sufficient to refer to the same as it appears in the statement of facts."

It was the manifest purpose of the Legislature, in adopting these different amendments, to so reform the practice in our judicial procedure as to reduce the number of reversals on appeal for purely technical errors. Heretofore the rulings of the court in giving and refusing charges was regarded as excepted to in every instance, without any express reservations by bill or otherwise. The effect of the amendment to article 2061 is to place the rulings of the court in giving or refusing charges in the same category with other rulings not appearing of record as to the formalities required for their consideration on appeal. Appellate courts can now no more review the action of the trial court in giving or refusing charges than they can the rulings admitting or excluding testimony, without proper bills of exception. It also follows that bills of exception relating to the giving or refusing of charges must conform to the requirements provided by statute for bills of exception generally.

Article 2064 is as follows: "It shall be the duty of the judge to submit such bill of exceptions to the adverse party or his counsel, if in attendance on the court, and if the same is found to be correct, it shall be signed by the judge without delay and filed with the clerk."

That a bill of exceptions not signed by the trial judge cannot be considered on appeal is too well settled to require the citation of authorities. It seems to be the object of the amended law to restrict appellate courts to the consideration of the very objection which is presented in the trial court. We think the bill should also show on its face a compliance with article 1971 as amended; that is, that before the charge was read to the jury the objection urged on appeal had been called to the attention of the trial court. We must now look to the bills of exceptions in order to determine what the objections to the charge were, and whether or not they were seasonably made.

The instrument embodying the objections presented in this appeal is not signed by the trial judge, and is lacking in other essentials necessary to constitute a proper bill of exceptions, and to entitle it to consideration

on appeal. There is a total absence of any bill of exceptions to the ruling of the court in refusing the special charge upon which the second assignment of error is based, For the reasons stated, neither the first nor the second assignment can be considered.

The remaining assignment complains of the verdict as being excessive. It is unnecessary to state in detail the extent of the injuries which the evidence shows Mrs. Wadsack received. We have carefully considered the evidence upon this issue, and do not feel inclined to disturb the verdict of the jury. There is nothing in the record to indicate that the issue as to the character and extent of the injuries was not fairly presented and properly considered by the jury.

The judgment is accordingly affirmed.

### On Motion for Rehearing.

Counsel for appellant have filed an able and elaborate argument in connection with the motion for a rehearing, in which it is insisted that the amendatory act discussed in the original opinion does not justify a refusal on the. part of the court to consider the two assignments of error. In view of the fact that this decision involves an important rule of practice, we have again considered the questions presented, and shall undertake to state more comprehensively the reasons upon which our ruling is predicated.

We have here practically two questions: (1) Is it necessary, under the act of 1913, in order to have an objection to .the main charge of the court considered on appeal, for the complaining party to show by a bill of exception, or by some form of certificate signed by the trial judge, that the particular objection urged on appeal was presented in the court below before the charge was read to the jury? (2) Is it necessary, in order to have the refusal of a special charge considered on appeal, that the complaining party show by a bill of exception that the particular charge was requested and refused, and that this action of the court was excepted to at the time? We shall consider these questions in the order in which they are stated.

[1] As is well known, before the adoption of this amendatory act of 1913 the trial judge was not required to submit his general charge to the parties or their attorneys for their inspection, nor was he required to read his charge to the jury till after the arguments were concluded. There was no necessity for the parties ·or their attorneys to except, either to the general charge or to the giving or refusing of special charges, in order to enable them to urge objections and exceptions on appeal. Neither was it required that the charges themselves be incorporated in bills of exception in order to become parts of the record on appeal and subject to review. The purpose of the amendatory act of 1913 was to change this practice in some important respects. For instance, it requires that the general charge, after being prepared, shall be submitted to the parties, or their attorneys, for inspection, and a reasonable time given them in which to examine it and present objections thereto. The objections must in every instance, however, be presented to the court before the charge is read to the jury, and all objections not so presented shall be considered as having been waived. The charge must then be read to the jury before the arguments are made. Under the old practice charges were considered as excepted to for all purposes, and might be reviewed with reference to any objection presented for the first time on appeal. It was evidently the purpose of this amendment to so modify that practice as to restrict the appellate courts to the consideration of the particular objections to the charge which had been called to the attention of the trial judge at a time when he had it in his power to correct mistakes, without the necessity of granting a new trial. Under the old practice he was not required to consider and rule on objections to the general charge before it was read to the jury. Such objections were called to his attention for the first time in the motion for a new trial. They might also be omitted from that motion, and still be available on appeal. Under the new statute, or the amendment to the old, when an objection to the charge is called to the attention of the trial judge before he delivers his instructions to the jury, he is required to make a ruling. He must either sustain the objection in whole or in part, and modify his charge accordingly, or he must overrule the objection, and read his charge to the jury as prepared, notwithstanding such objection. It is this ruling which the appellate court is to review, and which, like rulings on the admission and exclusion of testimony, must be considered with reference to the particular objections urged at the time. No other objection, however tenable, can be now considered, if the statute is obeyed. The question then is: Can this ruling be revised without a bill of exception or some certificate from the trial judge showing the nature of the objection, and that it was presented within the time required by the statute? Article 2058 says that "either party dissatisfied with any ruling, opinion, or other action of the court, must except thereto at the time same is made, or announced, and at his request time shall be given to embody such exception in a written bill." When we consider in the same connection article 2061 as amended and appearing in the same chapter, there would be little room for the contention that a bill of exceptions in the ordinary form could be dispensed with. The uncertainty upon this question grows out of the language of article 1972, which is not amended by the new act. That article is as follows: "Such charge shall be filed by the clerk and shall constitute a part of the record in the cause, and shall be regarded as excepted to and subject to revision for er-

rors therein without the necessity of taking any bill of exception thereto." The legal effect of this language is to make the general charge a part of the record on appeal, without being incorporated in a bill of exception. To say that it thereby becomes subject to revision for any errors urged for the first time on appeal, or in the motion for a new trial, is to annul a material provision of the new act which says that all objection not presented to the trial judge before the charge is read to the jury shall be considered as waived. How, then, shall the appellate court be advised of the ruling on the objection presented, or that any such ruling was in fact made, if not by a bill of exception or some form of certificate by the trial judge? Such a ruling does not otherwise appear of record, and, unless presented in some authentic manner, cannot be considered. In the case before us counsel for appellant, recognizing the necessity for showing that an objection was made to the charge, have incorporated in the transcript a statement to that effect. This statement is not only without the signature of the trial judge, but fails to allege that the objection here urged was presented to the trial judge as required by the new act. The language of the statement may be literally true, and yet the objection might be one which the statute says shall be considered as waived. But, even if the statement were as full and as specific as is necessary to show that the objection is one which should be considered on appeal, it would be anomalous to hold that such an instrument becomes an authentic record. There is as much reason for saying the same method would be sufficient in making up the record as to rulings on the admission or the exclusion of testimony, or to show any other rulings not appearing of record, as to say it is all that is necessary in this instance. Whatever conflict there may be between the provisions of the new act and article 1972 must be settled by giving effect to the later statute. While repeals by implication are not favored, forbearance is not indulged when it becomes necessary to carry into effect the evident purpose of the Legislature as expressed in an act inconsistent with some previous law. When both cannot stand, courts do not differ as to which must yield.

[2] Passing to the consideration of the second question, we think it clear that, in order to have the ruling of the court in refusing to give a special charge reviewed on appeal, an exception must be reserved by a bill in conformity with the provisions of chapter 19. It will be noticed that in amending article 1973 the Legislature simply dropped from the original article the words "without the necessity of taking any bill of exception thereto." That portion of this article which is retained is as follows: "When the instructions asked, or some of them, are refused, the judge shall note distinctly which of them he gives and which he refuses, and shall subscribe his name thereto, and such instruction shall be filed with the clerk and shall constitute a part of the record of the cause subject to revision for error." The failure to retain the words "without the necessity of taking any bill of exception thereto" shows an evident purpose on the part of the Legislature to repeal that provision. That intention is made clearer still when we consider article 2061 as amended.

Our conclusion is that we cannot consider either the objection to the main charge of the court or his refusal to give the special charge referred to in the second assignment.

Counsel for appellee has intimated a willingness for us to waive any legal objection to the lack of formality in presenting the basis of the first assignment of error—that relating to the main charge of the court. We do not now regard this as a matter resting in our discretion. Nowhere are we advised that this objection to the charge was presented as required by the statute, and it is distinctly enacted that all such objections not so presented shall be considered as waived. That means they shall not be considered on appeal as grounds for reversing a judgment. This statute was enacted as a reform measure, designed to prevent unnecessary reversals. We feel it our duty to observe the spirit of the law and confine our deliberations to those errors which are presented in accordance with its requirements.

Justice LEVY concurs in what is here said, and withdraws his dissent.

The motion is overruled.