HEATH v. HUFFHINES. (No. 7936.)

(Court of Civil Appeals of Texas. Ft. Worth. May 2, 1914. Rehearing Denied June 6, 1914.)

1. APPEAL AND ERROR (§ 499*)—ASSIGNMENTS OF ERROR—INSTRUCTIONS—STATUTORY PROVISIONS.

Under Rev. St. 1911, art. 1971, as amended by Acts 33d Leg. c. 59, providing that, after the evidence has been closed, the charge shall be submitted to the parties, and a reasonable time given them in which to present objections, and objections not so made shall be waived, and article 1973, as amended by the same act, authorizing either party to present to the judge in writing instructions if submitted to opposing counsel for objections within a reasonable time after the charge is given to the parties, and article 2061, as amended by the same act, declaring that the ruling of the court on instructions shall be deemed approved, unless excepted to, assignments of error complaining of errors in the charge, or in refusing requested charges, cannot be considered, where the bills of exceptions do not show that appellant presented his objections to the charge before it was given, and that the refusal of special charges was excepted to at the time.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 499.*]

2. APPEAL AND ERROR (§ 608*)—ASSIGNMENTS OF ERROR—INSTRUCTIONS—STATUTORY PROVISIONS.

A statement in the transcript embodying what purports to be exceptions and objections to the charge, and beginning, "Now comes defendant in open court and makes the following exceptions and objections to the charge," and containing objections to various paragraphs of the charge signed by counsel for defendant marked, "Filed by the clerk," on the day the court's charge was filed, does not show objections to the charge before it was given, as required by Rev. St. 1911, arts. 1971, 1973, 2061, as amended by Acts 33d Leg. c. 59; and assignments of error complaining of the charge cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2673–2684; Dec. Dig. § 608.*]

3. TRIAL (§ 282*) — INSTRUCTIONS — EXCEPTIONS.

Rev. St. 1911, art. 2061, embodied in chapter 19 of title 37, and amended by Acts 33d Leg. c. 59, so as to provide that the ruling on instructions shall be deemed approved, unless excepted to "as provided for in the foregoing articles," relates to the chapter governing bills of exceptions, and not to the foregoing articles in the Laws of 1913, which in preceding sections amends articles 1970, 1971, 1973, and 1974, embodied in chapter 13 of the title, relating to instructions and objections thereto; and the articles as amended govern the manner of reserving exceptions to instructions and refusal of instructions.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 695, 696; Dec. Dig. § 282.*]

4. APPEAL AND ERROR (§ 501*) — ASSIGNMENTS OF ERROR—INSTRUCTIONS—STATUTORY PROVISIONS.

Where the record shows a special charge and the refusal thereof, but does not show an exception at the time, the ruling cannot be reviewed in view of Rev. St. 1911, art. 2058, and article 2061, as amended by Acts 33d Leg. c. 59, providing that refusal of instructions shall be deemed approved, unless excepted to.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2300–2305; Dec. Dig. § 501.*]

Appeal from Johnson County Court; O. L. Lockett, Judge.

Action by W. C. Huffhines against E. N. Heath. From a judgment for plaintiff, defendant appeals. Affirmed.

See, also, 152 S. W. 176.

R. S. Phillips and H. P. Brown, both of Cleburne, for appellant. Walker & Baker and S. C. Padelford, all of Cleburne, for appellee.

CONNER, C. J. [1] This is a suit by appellee to recover a balance of $550 alleged to be due as commissions for the sale of certain lands owned by appellant. The undisputed evidence shows that the sale negotiated by appellee was not finally consummated, and on a former appeal we reversed a judgment in appellee's favor because of error in failing to submit the issue tendered by appellant that by the terms of the agreement of the parties commissions were to be paid in event only that the sale should be fully completed by the payment of the specified consideration, the execution and acceptance of conveyance, etc. See Heath v. Huffhines, 152 S. W. 176, to which we refer for a statement of the case in greater detail.

On the present appeal the only assignments of error go to alleged errors in the charge of the court as given, and to the action of the court in refusing to give specified special charges requested. Appellee objects to the several assignments of error, on the ground that proper exceptions were not taken to the action of the court complained of, as required by legislative act approved March 29, 1913. See General Laws 1913, p. 113.

In an opinion handed down by this court on April 25, 1914, in the case of Taylor v. Butler (No. 7928) 168 S. W. 1004, in which it became necessary to determine a similar objection, we said:

"Formerly the ruling of the court in giving, refusing, or qualifying instructions to the jury was regarded as excepted to in all cases. See Revised Statutes, art. 2061. But this article was amended by the act approved March 29, 1913 (see General Laws 1913, p. 113), where it is provided that the court's charge shall be in

writing, and shall be submitted to the respective parties or their attorneys for inspection, and a reasonable time given them in which to examine it and present exceptions thereto, 'which objections shall in every instance be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived.' Article 1973, Revised Statutes, is also amended so as to read: 'Either party may present to the judge, in writing, such instructions as he desires to be given to the jury; and the judge may give such instructions, or a part thereof, or he may refuse to give them, as he may see proper, and he shall read to the jury such of them as he may give; provided, such instructions shall be prepared and presented to the court and submitted to opposing counsel for examination and objection within a reasonable time after the charge is given to the parties or their attorneys for examination.' See Gen. L. 1913, p. 114. The same law amends article 2061 of chapter 19 of the Revised Statutes, making it the duty of a party dissatisfied with a ruling of the court to except thereto at the time it is made, and prescribing the requisites of bills of exceptions, so as to read: 'The ruling of the court in the giving, refusing or qualifying of instructions to the jury shall be regarded as approved unless excepted to as provided for in the foregoing articles.' See Gen. L. 1913, p. 114.

"It follows that, in order for a party litigant to now invoke our revisory power over a ruling of the court in giving charges, it is necessary to show, not only that the objections to the charge had been presented before the charge was read to the jury, but also that formal exception was taken at the time to the action of the court in giving the charge complained of. Where the complaint is, as here, of the action of the court in refusing a special instruction, exception to the refusal must be made at the time, and the exception made part of the record by a proper bill of exception. Otherwise the ruling must be approved. The assignment under consideration refers us to bill of exception No. 4. No such bill appears in the record, nor do we otherwise find that exception to the action of the court in refusing the special charge in question was made, as provided by the amended act quoted. The ruling must therefore, in accordance with the act, be considered as approved."

The opinion so rendered seems controlling here. No bill of exception is referred to which shows that appellant presented his objections to the charge of the court before it was given to the jury, nor one that shows that the ruling of the court in refusing the special charges now complained of was excepted to at the time.

[2] It is true that our attention is called to pages of the transcript embodying what purports to be exceptions and objections to the charge of the court, and it is contended in behalf of appellant that such objections meet the requirements of the amended law of 1913. But the statement is not properly a part of the record by the course of the common law, and does not even recite the essential fact. It begins:

"Now comes the defendant in open court, makes the following exceptions and objections to the charge of the court in this case."

Then follow numerous objections to the various paragraphs of the court's charge which are signed by counsel for the defendant, and marked:

"Filed July 31, 1913. E. F. Metz, County Clerk, Johnson County, Texas, by T. J. Clayton, Deputy."

The record further discloses that the charge of the court was filed on the same day, to wit, July 31, 1913. Hence it merely appears that the statement was filed by the clerk in open court on the same day the court's charge was filed. There is nothing in the record which shows that the objections so set out in the statement were in fact called to the attention of the trial court before his charge was delivered to the jury, and this fact must be shown in order to be available on appeal.

[3] The language of amended article 1971 of the Statutes is that:

The objections "shall in every instance be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived."

Amended article 2061 is equally as emphatic. The declaration is that:

"The ruling of the court in the giving, refusing or qualifying of instructions to the jury shall be regarded as approved unless excepted to as provided for in the foregoing articles."

The terms "as provided for in the foregoing articles" evidently refer to the foregoing articles of the chapter relating to bills of exception, and not, as it would seem appellant now insists, to the foregoing articles of the amendatory act, for the amended article 2061 must now be read as if inserted in its appropriate place in chapter 19, relating to bills of exception and statements of fact, instead of chapter 13, relating to charges and instructions to the jury. The amending act expressly declares that "all laws or parts of laws in conflict with the articles here amended" are repealed. Construing the amended articles in their proper relation, they necessarily repeal all articles of the statutes prescribing the different practice heretofore followed.

[4] We should perhaps add that in the case of the special charges, to the refusal of which complaint is made in this case, they are shown by the record, and each is indorsed, "Refused, J. B. Haynes, County Judge," and filed July 31, 1913. It thus appears that the record shows a special charge prepared which was refused by the trial judge; but the fact that the ruling was "excepted to at the time" does not appear of record, and, if article 2058 of chapter 19 and the amended article 2061 are to be enforced, these facts must be made to appear. See Mut. Life Ins. Ass'n v. Rhoderick, 164 S. W. 1067, by the Court of Civil Appeals for the Seventh judicial district, to which our attention has been called since our former decision, and since the preparation of the foregoing opinion.

We conclude that all assignments of error must be overruled, and the judgment affirmed.