WEATHERFORD, M. W. & N. W. RY. CO. v.
SMITH. (No. 8007.)

(Court of Civil Appeals of Texas. Ft. Worth.
June 27, 1914. Rehearing Denied
Oct. 17, 1914.)

1. APPEAL AND ERROR (§ 215*)—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—NECESSITY.

Assignments of error based on the giving and refusing of charges cannot be considered, where appellant did not make objections and reserve exceptions at trial in accordance with Act March 29, 1913 (Acts 33d Leg. c. 59

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

[Vernon's Sayles' Ann. Civ. St. 1914, arts. 1984a, 1954, 1970, 1971, 1973, 1974, 2061]).

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1309–1314; Dec. Dig. § 215.*]

2. APPEAL AND ERROR (§ 544*)—RECORD— NECESSITY OF BILL OF EXCEPTIONS.

Under rule 55 for the district and county courts (142 S. W. xxi), providing that rulings on applications for continuance and other incidental motions and upon the admission or rejection of evidence, when complained of as erroneous, must be presented in the bill of exceptions, a party complaining of the refusal of the court to appoint a commission of disinterested physicians to examine plaintiff in a personal injury action must present the error by bill of exceptions; for the matter is not one which would be embraced in the record proper, nor does it relate to the charges which, under rule 54 (142 S. W. xxi), are made part of the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2417–2420, 2422–2426, 2428, 2478, 2479; Dec. Dig. § 544.*]

3. CARRIERS (§ 320*)—CARRIAGE OF PASSENGERS—ACTIONS—JURY QUESTION.

Where plaintiff, who claimed that his arm was hurt by the falling of a car window, testified that he examined the window and found it defective, verdict cannot be directed for defendant on the ground that the claim that the window was defective was contrary to the physical facts because defendant's inspectors and servants testified the window was in good order.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1118, 1126, 1149, 1153, 1160, 1167, 1179, 1190, 1217, 1233, 1244, 1248, 1315–1325; Dec. Dig. § 320.*]

Appeal from District Court, Parker County; F. O. McKinzie, Judge.

Action by E. B. Smith against the Weatherford, Mineral Wells & Northwestern Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

H. C. Shropshire, of Weatherford, for appellant. Hood & Shadle, of Weatherford, for appellee.

CONNER, C. J. We adopt the following statement of the nature and result of this case as given by appellant:

"Appellee, E. B. Smith, sued appellant in the district court of Parker county, Tex., on the 10th day of February, A. D. 1913, to recover damages for injuries alleged to have been sustained by him while a passenger on one of appellant's trains en route from Mineral Wells to Weatherford, Tex. Among other things, he alleges that on or about the 11th day of March, A. D. 1912, he boarded said passenger train at Mineral Wells, Tex., about 2 o'clock p. m. of that date; that he went into a coach and took a seat on the south side of the train next to an open window of said coach, said window and sash being up at the time; that he immediately laid his right arm and elbow on said window sill to steady himself while said train was moving and for convenience and comfort; that after said train had run some six miles said window and sash fell with much force, striking his said arm about the point of the elbow, seriously and permanently injuring his arm, as follows: That the bones of said arm at said place were mashed and injured and fractured; that the muscles were mashed and bruised, and said arm was blackened and discolored; that the nerves, tendons, and leaders at said place were mashed, bruised, separated, and mashed into and ruined; that by reason thereof plaintiff had practically lost the use of the said right arm and hand; that he has lost the use, strength, and grip of his right hand; that by reason thereof his right arm and hand are perishing away; that it is cold and had the feeling of a leg or arm spoken of as being asleep; that said arm pains appellee very much and prevents him from sleeping at night; that he has suffered greatly from same both mentally and physically and will continue to so suffer in the future; that the said arm is permanently injured and ruined, and is growing worse, and will continue to grow worse, and the same is practically useless to plaintiff; that the said fall of said window and sash at said time and place was due to and caused by the imperfect condition of the said window fasteners and by the way and manner in which same were fastened and constructed; that the said fastenings of said window at said time were imperfect and wholly insufficient for said purpose and were dangerous; that they were improperly constructed, were worn, insufficient, out of order, and any unusual move, creak, or jerk of the train would cause said window and sash to fall; that said window and sash and the fastenings at said time were not secure and were dangerous; a more detailed description of said imperfect condition of said window and sash and fastenings cannot be given by plaintiff; all of which was known to defendant before his said arm was hit; that appellee sustained damages in the sum of $15,000.

"Thereafter in due time appellant filed its answer in said court, in which it denied each and singular all the allegations set up in appellee's petition, and alleged that plaintiff was guilty of contributory negligence in voluntarily and unnecessarily taking a seat by said open window in the manner by him alleged in detail; and that he was further guilty of negligence which contributed to his injury in that he failed, neglected, and refused to have his arm and injuries properly treated by a competent physician until many months after said injuries occurred and until said injuries thereby were rendered more serious than they otherwise would have been, etc.

"The case was tried before a jury on the 28th day of October, 1913, and said jury returned a verdict for appellee in the sum of $500.

"Thereafter, on the 19th day of November, 1913, appellant presented to said court its motion for a new trial, which motion was by the court overruled, and notice of appeal within terms of law was then and there given by appellant.

"Thereafter, on the 11th day of December, 1913, appellant filed with the clerk of said court its appeal bond within terms of law, and this case is now presented to this honorable court for revision and consideration upon the following assignments of error."

[1] The first five assignments of error question the action of the court in giving and refusing charges. But these assignments cannot be considered, as was conceded in behalf of appellant on the submission, for the reason that the proper objections and exceptions were not made on the trial as required by the act approved March 29, 1913. Gen. Laws 1913, p. 113 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1984a, 1954, 1970, 1971, 1973, 1974, 2061); Heath v. Huffhines, No. 7936, 168 S. W. 974, by this court, and not yet published; Mut. Life Ins. Co. v. Rhoderick, 164 S. W. 1067; St. L. & S. W. Ry. Co. of Texas v. Wadsack, 166 S. W. 42.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

[2] In the seventh assignment of error complaint is made of the action of the court in overruling appellant's "second motion and request of this defendant made while plaintiff was on the stand testifying in his own behalf to appoint a committee composed of three disinterested practicing physicians to examine plaintiff's arm and hand with the view and for the purpose of ascertaining the truth as to the present condition of plaintiff's arm and hand and the true extent of the injury, if any, thereto." The motion was in writing, and recited that it was made after the plaintiff had voluntarily exhibited his hand and arm to the jury, and the rule invoked is that declared by this court in the able opinion of Associate Justice Stephens in the case of C., R. I. & T. Ry. Co. v. Langston, 19 Tex. Civ. App. 568, 47 S. W. 1027. The entire action, however, is only evidenced by the written motion and the order of the court entered upon the minutes declaring that the motion had been considered and overruled, and that appellant excepted. Rules 53, 54, and 55 governing proceedings in the district and county courts, read:

"53. There shall be no bills of exception taken to the judgments of the court, rendered upon those matters, which, at common law, constitute the record proper in the case, as the citation, petition, answer, and their supplements and amendments, and motions for a new trial, or in arrest of judgment, and final judgment.

"54. The charges of the court that are given, and those asked that are refused, when signed by the judge and filed by the clerk, being made thereby a part of the record by statute, should not, in civil cases, be made a part of a bill of exceptions.

"55. The rulings of the court upon applications for continuance and for change of venue, and other incidental motions, and upon the admission or rejection of evidence, and upon other proceedings in the case not embraced in the two preceding rules, when sought to be complained of as erroneous, must be presented in a bill of exceptions, signed by the judge and filed by the clerk, or otherwise made according to the statute, and they will thereby become a part of the record of the cause, and not otherwise." 142 S. W. xxi.

The proceeding complained of is evidently one of those incidental proceedings of a trial which is not a part of the record proper by the course of the common law, and which, hence, can be made a part of the record only by a proper bill of exception. The facts necessary to support the seventh assignment, therefore, must have been, in order to invoke our revisory power, embodied in a formal bill of exceptions duly prepared, submitted to opposing counsel for examination, and approved by the court, as required by statute. This was not done and the assignment must be disregarded. See Tex. Mid. R. R. Co. v. Byrd, 110 S. W. 199, and authorities cited on pages 101 to 103 of 7 Encyc. Digest Texas Cases.

[3] The only remaining assignment is the sixth, which, together with its proposition, is as follows:

### "Sixth Assignment of Error.

"Because the court erred in overruling appellant's motion for a new trial on the nineteenth ground thereof, which reads as follows: 'Because the verdict of the jury is contrary to law and unsupported by the evidence in this: The evidence fails to show with that necessary degree of sufficiency or certainty that plaintiff was, in fact, a passenger on defendant's train, as alleged; or that the alleged accident, or any other accident, happened, as alleged; or that plaintiff was injured, as alleged; or that plaintiff was ever injured by any act of negligence on the part of the defendant at the time and place in question, as alleged.'

### "First Proposition.

"Where the physical facts are such as to demonstrate that the evidence offered in support of an alleged cause of action is untrue, it is the duty of the court to charge the jury to return a verdict for the defendant; therefore it was the duty of the court, under the facts in this case, to set aside the verdict of the jury and grant appellant a new trial."

We are of the opinion that the assignment as limited by the proposition cannot be sustained. Appellee testified generally in support of the facts alleged in his petition and specifically to the effect that he took his place in the car upon the seat, placing his right arm and elbow upon the window sill; that soon after the train began its journey the window fell upon his arm; that immediately afterwards he examined the window and found that it was worn. While the evidence in behalf of appellant, to the effect that the car had been inspected the morning before and later in the evening, and that an examination had also been made some 10 or 12 months thereafter and the window found in good condition, was of a contrary tendency, yet it was not conclusive. The evidence merely presents a conflict which it was the province of the jury to determine.

We think the judgment must be affirmed, and it is so ordered.

SPEER, J., not sitting.