GULF, T. & W. RY. CO. v. DICKEY.
(No. 8010.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 14, 1914. Rehearing Denied Dec. 19, 1914.)

1. RAILROADS ☞276—INJURY TO CHILD IN ENGINE CAB—LIABILITY.
   Where a hostler in charge of a locomotive saw a young child in the cab, and did not warn or remove him, but instead opened the injector, with the result that the child was scalded by steam escaping from a squirt valve, supposed to be closed, the railroad company was liable.
   [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 878–886; Dec. Dig. ☞276.]

2. APPEAL AND ERROR ☞544—REVIEW—PRESUMPTIONS.
   In the absence of a proper bill of exceptions, a defendant is presumed to have approved of a peremptory instruction fixing its liability,

and cannot complain of the refusal of requested instructions tending to exonerate it.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2417–2420, 2422–2426, 2428, 2478, 2479; Dec. Dig. ☞544.]

3. TRIAL ☞260—INSTRUCTIONS—REFUSAL.
   The refusal of requests covered by the charge given is not error.
   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. ☞260.]

4. TRIAL ☞194—INSTRUCTIONS—WEIGHT OF EVIDENCE.
   In a personal injury action, a charge that in assessing damages the jury should not consider the fact that the scars on the leg and body of plaintiff present an unnatural and abnormal appearance is properly refused, being on the weight of the evidence.
   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. ☞194.]

Appeal from District Court, Baylor County; J. A. P. Dickson, Judge.

Action by Maryland Dickey, by his next friend, against the Gulf, Texas & Western Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Ben B. Cain, of Dallas, Sporer & McClure, of Jacksboro, and J. A. Wheat, of Seymour, for appellant. D. A. Holman, of Seymour, for appellee.

BUCK, J. William Dickey, as next friend to his minor son, Maryland Dickey, filed this suit against the Gulf, Texas & Western Railway Company to recover damages for injuries received by the minor while in the engine cab of one of defendant's railway locomotives through the escape of steam resulting in a permanent impairment of his capacities. A trial before a jury resulted in a verdict and judgment in the sum of $1,500, from which the defendant appeals.

The undisputed facts show that appellee Maryland Dickey was a child eight years of age, and, together with another child, his half-brother, was in the engine cab of appellant's locomotive with the knowledge and consent of one Moss, the company's engine hostler, who had full charge and control of the engine, and was then engaged in the business of coaling and otherwise preparing the engine for present use by the company; that a part of this preparation consisted in wetting down the coal which was done by the use of a hot water hose connected with a valve near the floor of the cab room in the engine, which valve was called by some of the witnesses a "squirt valve." It was also Moss' duty to refill the boiler, and in doing this it was necessary to open a valve in an injector which would blow out the boiler or mud valve, and at the same time pump water into the boiler. In some unexplained way the valve to which the squirt hose was attached was left open, and, when Moss opened the injector for the purpose of refilling the boiler, the hot water and steam, being forced

through the hose, scalded and seriously injured the plaintiff. While the evidence does not show that Moss expressly invited appellee into the cab, it nevertheless shows without dispute that he knew of his presence there and made no effort whatever to remove him.

[1] Under these circumstances, while we do not find it is necessary to hold that appellant was necessarily liable in damages for all injuries received by the minor while in this place of danger, yet, in the condition of the record, we hold that the judgment of the trial court herein should be affirmed. In paragraph 8 of the court's charge the following language is used:

"Or if you believe from the evidence that defendant's employé in charge of said engine saw Maryland Dickey in the cab of said engine, in connection with his tender age, and failed to put him out or guard him against danger, and after such discovery defendant's employé in charge of said engine turned the injector and caused the steam and hot water to pass from the engine and burn and scald said Maryland Dickey, then the defendant would be liable in damages for his injuries, if any."

The uncontroverted evidence shows that defendant's employé Moss was in charge of said engine, and that he saw Maryland Dickey in the cab of said engine, and that he must have known and realized his tender age and lack of discretion, and that he failed to put him out or guard him against danger at the time and before he turned the injector and caused steam and hot water to pass from said engine and burn and scald said Maryland Dickey, and that said Maryland Dickey was injured seriously thereby. In effect, this is a peremptory charge of the court fixing the liability of the defendant upon an uncontroverted state of facts. To this charge the defendant did not reserve a bill of exceptions in such form that this court can consider the same. See Gulf, Texas & Western Ry. Co. v. Wm. Dickey (No. 8011) 171 S. W. 1097, companion case to the one under consideration, opinion by Mr. Justice Dunklin, rendered October 31, 1914.

A group of assignments complains of various paragraphs of the court's charge, all of which must be overruled because no proper bills of exceptions were taken to the court's action in overruling appellant's objections.

[2] A number of other assignments complaining of the court's refusal to give certain requested instructions are supported by proper bills of exceptions, but these are overruled because each of such requested charges made appellant's liability to depend in some way or other upon the negligence of its employé, Moss, in opening the valve of the injector while the squirt valve was open, and in view of the fact that, in the absence of a proper bill of exception, a defendant is presumed to have approved of the peremptory instruction given by the court fixing the defendant's liability.

[3, 4] We think special charge No. 14 was

properly refused because the charge given made it perfectly clear that plaintiff could recover only to the extent of the impairment of his ability after he had reached the age of 21 years, and that special charge No. 15 was properly refused, for to tell the jury "that in assessing damages it would not consider the fact that the scars on the leg and body of plaintiff present an unnatural and abnormal appearance" would be on the weight of the evidence.

The evidence supports the verdict and judgment for the amount rendered, and for the reasons given the same is affirmed.