ELLIOTT v. CLARK et al.  (No. 7235.)

(Court of Civil Appeals of Texas. Dallas. Jan. 2, 1915.)

1. SALES (§ 39*)—FRAUD—SUBSEQUENT AGREEMENTS—EFFECT.

Where a purchaser of a half interest in a business, conducted by the seller as sole owner, on learning of the owner's fraudulent concealment of a mortgage on the property agreed to assume the mortgage debt in consideration of the owner surrendering his interest in the business, the agreement was lawful, and the original concealment was immaterial.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 78; Dec. Dig. § 39.*]

2. APPEAL AND ERROR (§ 1002*)—VERDICT—CONCLUSIVENESS.

A verdict on conflicting evidence is conclusive on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

3. APPEAL AND ERROR (§ 499*)—QUESTIONS REVIEWABLE—RULINGS ON INSTRUCTIONS—RECORD.

Where the record fails to show by bill of exceptions that objections to the charge were presented before the charge was read, or fails to disclose that the objections were preserved by bill of exceptions, assignments of error complaining of the charge cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 499.*]

Appeal from Navarro County Court; R. R. Owen, Judge.

Action by W. F. Elliott against M. V. Clark and another. From a judgment for defendants, plaintiff appeals. Affirmed.

See, also, 157 S. W. 437.

Jack & Jack, of Corsicana, for appellant.

RASBURY, J.  Appellant sued appellees in the court below for $250, the amount paid by appellant for a half interest in a cold drink and bowling alley business being conducted in Corsicana at the time of the purchase by appellee H. B. White. The ground upon which recovery was sought was that appellee White, at the time of the purchase, fraudulently concealed from appellant the existence of a mortgage securing a debt of approximately $275, under which the property was subsequently sold, because of appellant's inability to discharge the debt. Among other defenses, appellees alleged an agreement on the part of appellant to pay the mortgage debt. There was a jury trial, which resulted in verdict for appellees followed by similar judgment.

This is the second appeal of this case. Elliott v. Clark, 157 S. W. 437. The pleading on the first appeal and that in the instant case are practically identical. There was no statement of facts on the first appeal, but the record did contain findings of fact by the judge, and the facts found by the court on the former trial to the extent thereof are, in substance, the same as are contained in the statement on this appeal, which are adopted as part hereof. The statement of facts in the instant case, however, contains additional evidence tending to show that after appellant bought a half interest in the business from White, and after he had learned of the debt and mortgage against the property, he agreed with his partner, White, that he would pay off the same, if White would surrender his interest in the business to him, to which White assented, and delivered the business to appellant, who conducted the same until his subsequent failure to pay the mortgage debt and the consequent foreclosure of the mortgage and sale of the property.

[1] If, as a matter of fact, appellant, after ascertaining the existence of the debt and mortgage, and even though appellees had fraudulently concealed its existence, agreed, in consideration of appellee White surrendering to him his interest in the business, to assume and pay off such pre-existing debt, such agreement was lawful and enforceable, and the original concealment of the mortgage debt became immaterial.

[2] Appellee testified to such an agreement and appellant denied it. The conflict was submitted to the jury, and the jury resolved the conflict in favor of appellee. Hence appellant's first and third assignments of error, which, in substance, assert that the evidence was insufficient to sustain the verdict and judgment, are not well taken, and must be overruled.

[3] The fourth assignment complains of the fifth paragraph of the court's general charge, while the record fails to affirmatively show by bill of exceptions that the objections urged on appeal were urged in the court below and were presented to the trial judge before he read his general charge to the jury. The fifth assignment shows a similar con-

---

dition. While the sixth and seventh assignments do disclose objections in the record, they fail to disclose that such objections were preserved by bill of exceptions.

None of them as a result comply with the recent amendments of the practice acts, and cannot be considered. Insurance Co. v. Rhoderick, 164 S. W. 1067; Railway Co. v. Wadsack, 166 S. W. 42; Heath v. Huffhines, 168 S. W. 974; Railway Co. v. Culver, 168 S. W. 514; Railway Co. v. Chumbley, 169 S. W. 1107; Railway Co. v. Tomlinson, 169 S. W. 217; Texas Midland Railroad v. Becker & Cole, 171 S. W. 1024, and Texas Midland Railroad v. Fogleman, 172 S. W. 558, decided by this court, respectively, November 28, 1914, and December 5, 1914, both not yet officially reported.

Finding no reversible error in the record, the judgment is affirmed.