CHICAGO, B. & Q. R. CO. v. WILSON et ux.†
(No. 1453.)

(Court of Civil Appeals of Texas. Texarkana. May 1, 1915. Rehearing Denied May 13, 1915.)

1. APPEAL AND ERROR ⬅263—QUESTIONS REVIEWABLE—RULINGS ON INSTRUCTIONS—EXCEPTIONS.

Under Rev. St. 1911, art. 2061, as amended by Acts 33d Leg. c. 59, § 3 (Vernon's Sayles' Ann. Civ. St. 1914, art. 2061), providing that the ruling of the court in the giving or refusing of instructions shall be deemed as approved unless excepted to, a party who did not except to the overruling of his objections to instructions given thereby waived the objections, and an assignment complaining of the instructions cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532; Dec. Dig. ⬅263.]

2. APPEAL AND ERROR ⬅759—QUESTIONS REVIEWABLE—ABANDONMENT OF ASSIGNMENTS OF ERROR.

An assignment of error, not copied in the original brief of appellant, as required by Courts of Civil Appeals rule 29 (142 S. W. xii), will be deemed abandoned, and will not be considered, though copied in the reply brief.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. ⬅759.]

On Motions for Rehearing and to Certify Question to the Supreme Court.

3. APPEAL AND ERROR ⬅232—QUESTIONS IN TRIAL COURT—INSTRUCTIONS—OBJECTIONS—SCOPE AND EFFECT.

Objections to a charge, in an action for the value of a passenger's jewelry, stolen by or lost through the negligence of the carrier's employés, that it is on the weight of the evidence in assuming a fact, and that it makes the failure of the carrier to make a search on the demand of the passenger the occasion of fixing liability, irrespective of any negligent failure to perform a duty, and that it makes failure to make a search, coupled with a resulting theft by some of the carrier's employés and a failure to return the jew-

elry, ground of liability, irrespective of any negligence or any duty owed by the carrier, are not, in effect, a request for a peremptory instruction for the carrier, and it is not entitled to a review of the objections on that theory.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1351, 1368, 1426, 1430, 1431; Dec. Dig. ⬅232.]

Appeal from District Court, Grayson County; W. M. Pick, Judge.

Action by Turner Wilson and wife against the Chicago, Burlington & Quincy Railroad Company and others. From a judgment for plaintiffs against defendant named, it appeals. Affirmed, and motions for rehearing and to certify a question to the Supreme Court overruled.

T. B. McCormick, of Los Angeles, Cal., and Etheridge, McCormick & Bromberg, of Dallas, for appellant. McReynolds & Hay, of Sherman, and John C. Wall, of Austin, for appellees.

WILLSON, C. J. This was a suit by appellees Turner Wilson and Mrs. Clara Wilson, his wife, against appellant and appellees Missouri, Kansas & Texas Railway Company and Missouri, Kansas & Texas Railway Company of Texas. Mrs. Wilson, while a passenger on one of appellant's trains, accidentally left a diamond brooch in the dining car of the train. The suit was to recover the value of the brooch, which she and her husband alleged was stolen by an employé or employés of appellant in charge of the car, or lost therein as the result of negligence on their part. Said appellees Wilson and wife dismissed their suit so far as it was against the Missouri, Kansas & Texas Railway Company. The court peremptorily instructed the jury to find in favor of the Missouri, Kansas & Texas Railway Company of Texas. On an issue as to the liability of appellant, as claimed by Wilson and wife, the finding was in their favor. The appeal is from a judgment against appellant for the sum of $1,000, which the jury found to be the value of the brooch.

[1] After defining "negligence," "ordinary care," "contributory negligence," and "proximate cause," the court instructed the jury as follows:

"Now bearing in mind the foregoing definitions, if you believe from the evidence that plaintiff Mrs. Clara Wilson was, on or about the 8th day of July, 1913, a passenger on a passenger train of defendant Chicago, Burlington & Quincy Railroad Company between Kansas City, Mo., and Omaha, Neb.; and if you further believe from the evidence that she carried with her in her purse inside of a handbag a brooch or pin set with a diamond, and that after going from the sleeper to the dining car of the train for lunch she started to return from said dining car to said sleeper; and if you further believe from the evidence that said handbag came open while in said defendant's dining car, and that said brooch was lost in said dining car; and if you further believe from the evidence that she went to the sleeper and later found that said brooch had been lost, and that she then returned to said dining car, and that she notified said defendant of the loss of said brooch, and re-

quested that a search of said dining car be made for same, but that defendant failed to make such search, and that because of such failure, if any, to search, said brooch was lost or stolen by some of defendant's employés; and if you further believe from the evidence that defendant failed to exercise ordinary care to make said search of said dining car, and that such failure, if any, was 'negligence,' as that term has hereinbefore been defined, and that such negligence, if any, was the direct and proximate cause of the loss of said brooch, if it was lost in said dining car; and if you further believe from the evidence that said Mrs. Clara Wilson was her-' self exercising 'ordinary care' as that term has been defined to you, when said brooch was lost, if it was—then you will find in favor of the plaintiffs against the defendant Chicago, Burlington & Quincy Railroad Company, and assess their damages as hereinafter instructed, unless you find for defendant under other instructions given you."

It appears from the record that before the charge was read to the jury the portion of it set out above was objected to on grounds stated in the record as follows:

"Said charge is upon the weight of the evidence in assuming that while in the dining car the brooch was still in her hand bag, and if her hand bag became open in the dining car the inner purse and brooch was lost at that time.

"Said charge makes the failure of the defendant to make a search upon the demand of the plaintiff an occasion of fixing liability upon itself, irrespective of any duty or negligent failure to perform a duty.

"Said charge makes the failure to make a search by the defendant, coupled with a resulting theft of the brooch by some of defendant's employés and a failure to return the brooch to her, the ground of liability for her loss, irrespective of any negligence on its part, and irrespective of any duty the defendant owed her to make a search or to find and restore her brooch to her."

It does not appear from anything in the record that appellant excepted to the action of the court in overruling its objection and instructing the jury as set out above. Appellee insists that appellant, therefore, is in the attitude of having waived its objection to the instruction, and for that reason is not entitled to have its assignment attacking same as erroneous considered. The contention must be sustained. Railway Co. v. Wadsack, 166 S. W. 42; Taylor v. Butler, 168 S. W. 1004; Heath v. Huffhines, 168 S. W. 974; Elliott v. Clark, 172 S. W. 560; Gunter v. Merchant, 172 S. W. 191; Conn v. Oil Co., 171 S. W. 520. As said by the court in the case last cited:

"It is now too well settled to require further discussion that an objection to a charge, or any part thereof, will not be reviewed by the appellate court, unless the objection is preserved by a proper bill of exceptions incorporated in the record."

[2] The assignment referred to is the only one in the brief first filed by appellant. In a brief replying to the one filed by appellee appellant assigns as error the action of the trial court in refusing its written request to peremptorily instruct the jury in its favor. This latter assignment stood as abandoned when appellant failed to copy it in its original brief. Rule 29 for Courts of Civil Ap-

peal (142 S. W. xii). If that were not its attitude, we think the assignment nevertheless should not be considered, because, as in the case of the other assignment, it does not appear from anything in the record that appellant excepted to the action of the trial court in refusing to so instruct the jury. Vernon's Statutes, art. 2061, as amended by Act 1913; Railway Co. v. Wadsack, 166 S. W. 42.

Appellant insists that the objection it urged to the portion of the charge set out above was in effect a request that the court peremptorily instruct a verdict in its favor, and that the action of the court therefore, if error, was fundamental error. It is not necessary to determine whether such was the effect of the objection or not; for, while rulings to the contrary have been made by Courts of Civil Appeals (Railway Co. v. Higginbotham, 173 S. W. 484; Henderson v. Gilbert, 171 S. W. 304), we are of opinion that the refusal by a trial court of a request in writing to peremptorily instruct a verdict, if error, is not error "apparent on the face of the record" within the meaning of article 1607, Vernon's Statutes, which the party making the request need not except to, and which this court is authorized to consider, though not assigned.' We think the conclusion reached in Railway Co. v. Wheat, 173 S. W. 974, Needham v. Cooney, 173 S. W. 979, and Railway ·Co. v. Dickey, 173 S. W. 967, that the refusal of such a requested charge, if ·error, is not fundamental error, is correct.

The judgment is affirmed.

### On Motions for Rehearing and to Certify Question to the Supreme Court.

[3] In Henderson v. Gilbert, 171 S. W. 304, the Court of Civil Appeals for the Seventh District held error of a trial court in peremptorily instructing a verdict to be fundamental; and in Railway Co. v. Higginbotham, 173 S. W. 482, the Court of Civil Appeals for the First District·.held error of a trial court in refusing such an instruction also to be fundamental. Because, in disposing of a contention made by appellant, we declared it to be our opinion that the refusal by. the trial court of a request to peremptorily instruct a verdict, if error, was not error "apparent on the face of the record," within the meaning of article 1607, Vernon's Statutes, appellant insists that our decision affirming the judgment against it is in conflict with the rulings made in the cases mentioned above. Whether a conflict exists as claimed or not depends upon whether the contention, made by appellant, which we did not determine, that the assignment copied into its original brief in effect was a complaint the trial court had refused a request by it to peremptorily instruct the jury in its favor or not. We are of opinion such was not the effect of that assignment. Moreover, having looked to the pleadings and testimo-

ny in the record, we are of opinion, if such is the effect of that assignment, it should be overruled, because the trial court should not have so instructed the jury.

The motions are overruled.